Joyce White JACKSON, Appellant,

v.

The BOARD OF DIRECTORS OF the SCHOOL DISTRICT OF KANSAS CITY, Missouri, Respondents.

No. WD 32092.

Missouri Court of Appeals, Western District.

Aug. 18, 1981.

George E. Kapke, Cochran, Kramer, Kapke & Willerth, Independence, for appellant.

Shirley Keeler, Blackwell Sanders Matheney Weary & Lombardi, Kansas City, for respondents.

Before PRITCHARD, P. J., and TURNAGE and CLARK, JJ.

TURNAGE, Judge.

Joyce Jackson appeals from the action of the circuit court which affirmed the termination of her indefinite contract by the Kansas City School District. Jackson contends her absences were not excessive or unreasonable, but were justified because of the failure of the District to properly pay her. Affirmed.

Jackson had first been employed by the Kansas City District for the 1967–68 school year. During the 1977–78 school year she taught business courses at Lincoln High School, but beginning in 1978, Lincoln was converted to a magnet school and all faculty assignments there were cancelled. With the beginning of school in the fall of 1978, Jackson was assigned to Van Horn High School, but for reasons excluded at the hearing, she was assigned to the District office after one day. Various assignments followed until November 17, 1978, when Jackson was assigned to Pershing School. She reported to that school for one day on November 20. Thereafter Jackson did not report for any work with the school district for the remainder of the 1978–79 school year. This despite letters from the District urging her to report.

On November 12, 1978, Jackson wrote a letter to the District Director of Personnel objecting to a substitute teacher assignment. She concluded the letter with a complaint that she had not been paid for the month of October. The District records indicate a check had been issued to Jackson on November 9 in the amount of $543.39.

After receiving her letter, another check was issued for $292.56 on November 15, and on November 30 another check was sent to her in the amount of $411.47. No further complaints were made by Jackson concerning her pay.

In August, 1979, notice was given to Jackson that a hearing would be held on October 7 and October 11, 1979, on whether or not to terminate her indefinite teaching contract because of excessive and unreasonable absence from the performance of duty. Evidence, as outlined above, was introduced at the hearing. The only conflict in the evidence revolved around Jackson's assignment to Pershing. The principal of Pershing testified that Jackson called him around the first of December to discuss her assignment. He invited her to come to the school to discuss the matter and she said she would be there the next day unless it snowed. It did not snow the next day, but she did not appear and according to his testimony, she did not appear thereafter.

Jackson testified that she went to Pershing on a day when the principal was not present and no one at the school could give her any information about her assignment. She said she called the principal thereafter and he told her he would call her when he found out what she was to do. She stated the principal never called her and she never returned to the school. Jackson concedes in her brief that she did not report for any school duty after November 20, 1978. Her position is that her non-appearance and non-performance after that time is excused because the District had failed to pay her in full for the month of October. There is no dispute that she did not make any complaint to the District concerning her pay after her November 12 letter.

At the conclusion of the hearing the Board of Education made findings of fact and conclusions of law. The findings reflect the facts stated above and further found that the testimony of Jackson that she did not report for work after November 20 because the District had failed to pay her for the month of October was not credible. The Board found in its findings that Jack-

son had performed her contractual duties for no more than eight days during the 1978–79 school year. The Board further found that her absences were not the result of any request for authorized absence and her absence was in fact not authorized.

The Board found that the unauthorized failure of Jackson to report for teaching duties between November 20, 1978 and the end of the 1978–79 school year constituted excessive and unreasonable absence and terminated her indefinite contract.

■ After being supplied a copy of the Board's findings and conclusions, Jackson filed a notice of appeal with the Board. At the outset the Board challenges the jurisdiction of the circuit court to hear Jackson's appeal, and, in turn, the jurisdiction of this court to entertain Jackson's appeal from the judgment of that court. The District's position is based on the fact that Jackson did not file a petition for review pursuant to § 536.110, RSMo 1978.* Jackson did file a notice of appeal with the District as provided in § 168.120.2. That section provides that the appeal may be taken by filing notice of appeal with the Board of Education, whereupon the Board is directed to forward to the circuit court all documents and papers on file in the matter together with the transcript of the evidence, the findings and the decision of the Board. The papers and records forwarded to the court by the Board becomes the record of the cause. The last sentence of that section provides: "Such appeal shall be heard as provided in chapter 536, RSMo."

The Board contends that since the section granting Jackson the right to appeal provides that the appeal shall be heard as provided in Chapter 536 when Jackson was required to file a petition for review under § 536.110 with the circuit court and failure to do so deprives the circuit court and this court of jurisdiction to hear the appeal.

In *Brogoto v. Wiggins*, 458 S.W.2d 317 (Mo.1970) the court had a similar problem. Brogoto filed a petition for review in the circuit court from the action of the Supervi-

sor of Liquor Control in revoking a liquor license. Section 311.700.2, RSMo 1969, provided for an appeal of such decision by filing with the supervisor an application for review. The supervisor was then directed to transmit to the circuit court a certified copy of the entire proceeding including a transcript of the evidence heard. The court held that § 311.700.2 prescribed the method of review and that method was exclusive, mandatory and jurisdictional. The court further held that § 536.110 did not apply to agencies which have their own separate review provisions in their own special statutes. The court held that a petition filed with the circuit court to review the action of the supervisor was a nullity and conferred no jurisdiction on the circuit court.

While the situation here is the reverse of *Brogoto*, the law stated in *Brogoto* controls. Here, Jackson properly followed § 168.120.2 by filing her notice of appeal with the Board of Education. It was then incumbent on the Board to certify all of the documents, papers and transcript of evidence to the circuit court, which it did. Had Jackson followed the course now urged by the Board by filing the petition for review under § 536.110 in the circuit court, such action would have conferred no jurisdiction on that court under *Brogoto*. Jackson properly followed the procedure set out in § 168.120.2 and the circuit court had jurisdiction to hear the appeal.

■ Jackson urges that the action of the Board in terminating her contract was unjustified because her absences were not excessive or unreasonable but were justified on the failure of the District to properly pay her. It is well to bear in mind that on this appeal this court

"may only determine whether the board could reasonably have made its findings and reached its result or whether the decision was clearly contrary to the overwhelming weight of the evidence. *Blunt v. Parker*, 495 S.W.2d 708, 712 (Mo.App. 1973). The court may not substitute its judgment on the evidence and may not

---

* All statutory references are to RSMo 1978 unless otherwise noted.

set aside the board's decision unless it is not supported by competent and substantial evidence on the whole record. In addition, the evidence must be considered in a light most favorable to the board's decision, together with all reasonable inferences which support it. . . . Also the determination of the credibility of the witnesses is a function of the administrative tribunal." *Merideth v. Board of Ed. of Rockwood R–6 Sch. Dist.*, 513 S.W.2d 740, 745 (Mo.App.1974).

Jackson concedes her absence from November 20, 1978, to the end of the school year. Her only defense is that she did not perform any duties because the Board failed to pay her in full for the month of October. The credibility of witnesses was a function for the Board in this hearing and the Board found that Jackson lacked credibility when she stated the problem of pay was the reason she failed to report for any duty after November 20. With Jackson's concession that she did not report after November 20, the only question is whether or not her excuse concerning non-payment is legally sufficient. The Board found against her on a matter of credibility, and concluded this was not the reason for her non-appearance. Certainly the evidence was sufficient to cause the Board to find against her on this issue although there was no evidence of another reason for Jackson's non-performance. Her only complaint on her pay was one letter, and following that letter pay checks were promptly sent to her. It is certainly a fair inference that if Jackson had any complaint concerning her pay after her first complaint, she would have again contacted the District. Having failed to do so, the Board could properly find that her testimony as to her reason for non-performance was not credible.

Section 168.114.1(5) authorizes the Board to terminate an indefinite contract with a permanent teacher for excessive or unreasonable absence from performance of duty. In *Aubuchon v. Gasconade Cty. R–1 Sch. Dist.*, 541 S.W.2d 322, 326 (Mo.App.1976) the court held that § 168.114.1(5) is self-executing and the Board need not make any rules or regulations concerning excessive or un-

reasonable absences. Jackson makes some reliances upon cases in which teachers took absences for an authorized purpose which did not exceed the limit permitted by the Board's rules. However, such cases are of no assistance here because Jackson did not take any absence for an authorized purpose.

The action of the Board in terminating Jackson's contract was supported by competent and substantial evidence and is not clearly contrary to the overwhelming weight of the evidence. The Board could reasonably have made its findings and reached its result based upon the whole record.

The judgment affirming the action of the Board is affirmed.

All concur.