**Robert ROSS, Petitioner-Respondent,**

**v.**

**Tracy V. ROBB, Guy S. Wright, Howard Fleming, David B. Riley, Salim S. Tadrus, and Larry D. Zimmerman, as duly elected members of the Board of Education of Moberly Public School District No. 81, Respondents-Appellants.**

No. 65037.

Supreme Court of Missouri,
En Banc.

Dec. 20, 1983.
Rehearing Denied Jan. 17, 1984.

---

Anne W. Elsberry, Hunter, Chamier, Lee, Elsberry & Wright, Moberly, for respondents-appellants.

John L. Port, Windsor, for petitioner-respondent.

HIGGINS, Judge.

Robert Ross, after public hearing pursuant to section 168.118, RSMo 1978, was found by the Board of Education of the Moberly, Missouri, Public School District No. 81 to have engaged in "immoral conduct," section 168.114.1(2), and was dismissed from his position as a tenured teacher. The circuit court reversed the decision of the Board and ordered Ross reinstated on the ground that the procedures under which Ross was tried violated his constitutional right to a fair trial. The Court of Appeals, Western District, transferred the case after opinion, holding that it lacked jurisdiction to assess petitioner's allegation of constitutional infirmity of section 168.114, RSMo 1978. *Ross v. Robb,* 651 S.W.2d 680 (Mo. App.1983). The judgment is reversed for reinstatement of the decision of the Board of Education.

■ On appeal of administrative decisions, review is limited to a determination whether the decision was supported by competent and substantial evidence upon the whole record or whether it was arbitrary, capricious, unreasonable or an abuse of discretion. *M.V. Marine Co. v. State Tax Commission,* 606 S.W.2d 644, 647 (Mo. banc 1980); *Hermel, Inc. v. State Tax Commission,* 564 S.W.2d 888, 894 (Mo. banc 1978).

The Board of Education filed formal charges against Robert Ross, then a teacher of building trades at the Moberly Area Vocational School, alleging that Ross had engaged in "immoral conduct." § 168.114.-1(2), RSMo 1978. Ross requested a public hearing pursuant to section 168.116, RSMo 1978. After the hearing at which both the Board and Ross were represented by counsel, afforded the opportunity to examine and cross-examine witnesses, adduce evidence and submit written briefs, the Board found that five of the seven allegations of immoral conduct were true and dismissed Ross. He contends that section 168.114.1(2) is unconstitutionally vague and that it violates his right to due process of law. Article I, section 10, 1945 Missouri Constitution. He charges that the findings and decision of the Board are unsupported by competent and substantial evidence on the whole record, are arbitrary, capricious and unreasonable, and are an abuse of discretion. He also asserts that the procedures by which the Board reached its decision denied him a fair trial.

Ross's initial constitutional challenge is that the phrase "immoral conduct" is impermissibly vague and denies him due process. He argues that the phrase fails to provide a standard against which conduct can be judged and thus fails to give a person of ordinary intelligence a reasonable opportunity to know what acts are prohibited.

■ In *Thompson v. Southwest School District et al.,* 483 F.Supp. 1170 (W.D.Mo. 1980), the plaintiff, a teacher dismissed from service for engaging in "immoral conduct," alleged that section 168.114.1(2), RSMo 1978, was impermissibly vague and denied her due process of law. The court

agreed that, in the abstract, the phrase "immoral conduct" was constitutionally suspect under the strict standards of construction to be employed in criminal and first amendment contexts. *Id.* at 1179. The court went on to say, however, that the phrase was part of a statutory scheme; that, construed with the other subsections of the statute, the phrase is "capable of being given a more precise judicial construction so as to avoid the vagueness issue." *Id.* at 1180. The court concluded that immoral conduct relates to conduct rendering a teacher unfit for the performance of his duties. *Id.* More precisely, the court found that immoral conduct means "conduct rendering plaintiff unfit to teach." *Id.* at 1181. This analysis persuades denial of Ross's constitutional challenge.

The Board found that Ross had generally permitted male members of the class to engage in sexual harassment of the only female member of the class; that while on a construction site with the class Ross suggestively embraced the female; that Ross failed to demonstrate intolerance towards the display of a suggestive centerfold that had been placed on the wall of the classroom; that he failed to discourage the use of obscene and sexually explicit language repeatedly directed towards the female student by male members of the class; that he brought into the classroom a plastic phallus that was eventually used by the male students to harass and embarrass the female student; that, although he knew which students had used the phallus to harass the female, he failed to take any disciplinary action against them.

■ The record contains competent and substantial testimonial and physical evidence from which the Board could have made the foregoing findings. There is no indication that the Board acted unreasonably, arbitrarily or capriciously in reaching its conclusions or in the conduct of the hearing. In all respects the Board exercised its discretion properly. That the Board believed witnesses whose testimony implicated Ross does not render the decision of the Board unsupported by competent and

substantial evidence. The assessment of credibility of witnesses is a matter for the board hearing the testimony, and on review an appellate court must defer to its findings in that regard. *Heitzler v. Eppenberger,* 596 S.W.2d 458, 460 (Mo.App.1980).

Finally Ross charges that the action of the Board dismissing him from service was based upon unlawful procedures that denied him a fair trial. He asserts that the participation of the Board's attorney in the drafting of charges and suggested findings of fact, ultimately brought and adopted by the Board, represented an abdication of the Board's deliberative function; that this abdication rendered the Board prosecutor, judge and jury, resulting in the denial of a fair trial.

That an administrative body initiates a charge and then tries it does not alone vitiate the proceedings, if judicial review is provided. *Aubuchon v. Gasconade County R-1 School District,* 541 S.W.2d 322, 326 (Mo.App.1976). And the active participation of a school board's attorney in the conduct of a hearing, including the examination and cross-examination of witnesses, does not in itself deprive one of a fair trial; nor does the preparation of findings of fact and conclusions of law. *Eddington v. St. Francois Cty. R-III Bd. of Ed.,* 564 S.W.2d 283, 286 (Mo.App.1978). Absent a showing in the record that, as a result of the attorney's participation, the Board heard the evidence with an unbendable or preconceived notion that petitioner was guilty as charged, no denial of a fair trial occurred. *Harrisburg R-VIII School District v. O'Brian,* 540 S.W.2d 945, 950 (Mo.App.1976). The record shows that the Board conducted the hearing properly, fairly, reasonably and within its statutory authority.

The Board was within its discretion in determining that Ross's conduct rendered him unfit to teach; tacit encouragement and demonstrated tolerance of explicit and grotesque sexual harassment constitutes statutorily proscribed "immoral conduct." The Board reached this determination after it afforded petitioner a fair trial.

The judgment is reversed and the cause is remanded with direction to reinstate the decision of the Board of Education dismissing Robert Ross.

All concur.