In re Marriage of Janet Ann YUNG, Appellant,

v.

Walter Adam YUNG, Respondent.

No. 55150.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 29, 1989.

Gerald Leon Warren, St. Louis, for appellant.

Richard H. Ulrich, Robert F. Summers, St. Louis, for respondent.

CRIST, Judge.

Ex-wife appeals a portion of the trial court's order entered subsequent to a hearing on her motion for contempt. We dismiss the appeal.

Ex-wife filed a petition for dissolution of marriage on March 1, 1984. Dissolution was granted on September 3, 1987. Ex-wife was awarded certain furniture in the possession of ex-husband including a Bernhardt pier cabinet group and an Eames chair and ottoman.

On January 26, 1988, ex-wife filed a third amended motion to cite ex-husband with contempt for failure to deliver to ex-wife the above-mentioned furniture in accordance with the divorce decree. In her motion, ex-wife alleged ex-husband refused to deliver the furniture to her and although ex-husband informed her he sold the furniture in June, 1987, ex-wife knew the furniture was still in possession of ex-husband as of September 13, 1987. No affidavits or exhibits were filed in support of ex-wife's motion. No evidence was transcribed at the hearing on her motion for contempt.

On February 19, 1988, the trial court set forth its order on ex-wife's motion for contempt stating in part:

> [Ex-husband] ordered to pay to [ex-wife] the sum of $2200 ... in lieu of transferring or conveying to [ex-wife] the Bernhardt pier cabinet group and the Eames chair and ottoman.... The balance of [ex-wife's] motion for contempt are [sic] dismissed without prejudice....

On March 18, 1988, ex-wife filed a motion for rehearing of her motion for contempt alleging the trial court placed an understated value on the property and the trial court erroneously refused to hear testimony of the parties' child who would testify she saw the furniture at ex-husband's house in September, 1987; thereby, refuting ex-husband's contention he sold the furniture in June, 1987. No exhibits or affidavits were filed in support of ex-wife's motion. The motion for rehearing for ex-wife's motion for contempt was argued and overruled on June 24, 1988. No evidence was presented and no testimony was transcribed.

Ex-wife now appeals contending the trial court erred in: (1) refusing to hear testimony ex-wife did not consent to or sign the February 19, 1988, order; (2) refusing to interrogate the parties' child; and (3) not ordering ex-husband to either deliver the furniture to ex-wife, or order ex-husband to go to jail or order ex-husband to pay the lowest estimated value of the furniture.

■ Ex-wife's first two points on appeal argue matters occurring outside the record on appeal. If an appellant desires review of an issue, it is appellant's duty to furnish a transcript containing all the records, proceedings and evidence relating thereto, and where there is an absence of such items, there is nothing for an appellate court to decide. *Davis v. Long,* 521 S.W.2d 7, 8–9[3, 4] (Mo.App.1975).

Ex-wife has not provided a transcript of attorney's argument at the hearings and apparently no transcription was made. The record is silent as to what, if any, evidence, exhibits or affidavits were offered in relation to the hearings. The record is also silent as to ex-wife's alleged offer of testimony she objected to the order of February 19, 1988, or of her alleged offer of testimony the parties' child would testify to ex-husband's possession of the furniture and the trial court's refusal to admit such testimony. Ex-wife's recitals in her motions and statements unsupported by the record contained in her brief do not rise to the dignity of proof and thus are insufficient to supply essential matters for review. *Davis v. Long,* 521 S.W.2d at 9[3, 4]; *see also Vetter & Associates, Inc. v. Dimarco Corp.,* 733 S.W.2d 459, 462[4, 5] (Mo.App.1987). Ex-wife's first two points have not been preserved for review.

In ex-wife's third point, she alleges the trial court's order was erroneous for failure to order, "[ex-husband] to either deliver up the property awarded to [ex-wife] or to go to jail ... or command [ex-husband] to pay [ex-wife] the lowest estimate of the value of the property." Further, ex-wife contends the trial court underestimated the value of the furniture.

However, the trial court's order states, "[Ex-husband] to pay [ex-wife] the sum of $2200.00 ... in lieu of conveying ... to [ex-wife] the Bernhardt pier cabinet group and ottoman...." The record contains ex-wife's statement of property, signed by ex-wife and filed with the trial court, in which she estimated the purchase price of the above-mentioned furniture at $2200.00. We therefore find no merit in ex-wife's argument the trial court erroneously failed to order ex-husband pay ex-wife the lowest estimate of the value of the property where this is clearly set forth in the trial court's order of February 19, 1988, and where ex-wife herself placed an estimated purchase price of $2200.00 on the furniture ordered to be paid by ex-husband.

Additionally, ex-wife's contention the trial court erred in failing to allow expert testimony of the value of the furniture is a complaint outside the record on appeal. The record is silent as to any offer of such testimony at the hearings. *Davis v. Long*, 521 S.W.2d at 8–9[3, 4]. This point has left nothing for review.

Appeal dismissed.

GARY M. GAERTNER, P.J., and SIMEONE, Senior Judge, concur.