**James D. YORK, Appellant,**

v.

**MISSOURI PACIFIC RAILROAD COMPANY, Respondent.**

No. 58852.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 18, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 23, 1991.

Application to Transfer Denied
Sept. 10, 1991.

Roy W. Strawn, Jeanne L. Sathre, Wood River, Ill., for appellant.

Kim Roger Luther, Katherine L. Butler, St. Louis, for respondent.

## ORDER

PER CURIAM.

This is an action for money damages for personal injuries pursuant to FELA, 45 U.S.C. § 51 et seq. The jury returned a verdict in favor of Missouri Pacific Railroad Company (MoPac). We affirm.

 York claims severe injuries as a result of negligence on the part of MoPac. MoPac was able to show by its evidence York was fabricating, or greatly magnifying, his injuries. For Point I, York asserts the trial court erred in refusing to give his tendered instructions A and B since these instructions defined the causation standard under the FELA and involved a substantive matter, and without the instructions the jury was allowed to apply an improper standard. York has failed to allege facts showing wherein and why the trial court erred. Rule 84.04(d); *Thummel v. King*, 570 S.W.2d 679, 685[5] (Mo. banc 1978). Additionally, York has failed to set out the complained of instructions in his brief. Rule 84.04(e). In any event, the record shows the jury was properly instructed under MAI 24.01 as to the burden of proof in a FELA case. *Ricketts v. Kansas City Stock Yards Co. of Maine*, 484 S.W.2d 216, 221[3] (Mo. banc 1972). In Point II York complains about the trial court's refusal to permit a witness to testify for the reason the witness was not named in discovery. In Point III York asserts trial court erred in its finding an employee of the railroad had no authority to make an admission and bind MoPac. York cites no authority for either Points II or III. *Thummel*, 570 S.W.2d at 686[8–10]. Additionally, the record shows these points have no merit.

 Finally, York complains "the trial court erred in its award of costs to the defendant in that it awarded defendant costs which are not taxable because there is no statutory basis for their taxation." In neither his point relied on nor his argument portion of his brief does York state what costs were improper. If an appellant deserves review of an issue, it is his duty to furnish all records relating thereto and in absence of such, there is nothing for us to review. *Yung v. Yung*, 775 S.W.2d 343, 344[1] (Mo.App.1989). In any event, the evidence in this case indicates the fees awarded were proper. *See* § 492.540, RSMo (Cum.Supp.1989).

 The judgment of the trial court is supported by substantial evidence. It is not against the weight of the evidence. No error of law appears. An extended opinion would have no precedential value.

Judgment affirmed in accordance with Rule 84.16(b).