Harolene KEESEE, Appellant,

v.

MEADOW HEIGHTS R–II SCHOOL DISTRICT, Respondent.

No. 18410.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 26, 1993.

Motion for rehearing or to Transfer to Supreme Court Denied Nov. 16, 1993.

Application to Transfer Denied
Dec. 21, 1993.

David G. Beeson, Mary Eftink Boner, Buerkle, Beeson & Ludwig, Jackson, for appellant.

Thomas A. Mickes, Celynda L. Brasher, Peper, Martin, Jensen, Maichel and Hetlage, St. Louis, for respondent.

CROW, Judge.

This case arises under the Teacher Tenure Act, §§ 168.102–.130, RSMo 1986, as amended. Appellant, Harolene Keesee, was a permanent teacher, § 168.104(4), RSMo Cum. Supp.1990, holding an indefinite contract, § 168.106, RSMo 1986, with Meadow Heights R–II School District ("the District"). After a hearing, § 168.118, RSMo 1986, the Board of Education ("the Board"), § 168.104(1), RSMo Cum.Supp.1990, terminated Appellant's contract because of incompetency and inefficiency, § 168.114.1(3), RSMo 1986.

Appellant took an appeal to the Circuit Court of Bollinger County. That court reviewed the record of the Board's hearing, made findings of fact and conclusions of law, and affirmed the Board's decision. Appellant brings this appeal from that judgment. Her brief presents four assignments of error.

We first address points I and IV. Each avers Appellant was denied a fair hear-

ing before an impartial adjudicative body "in violation of constitutional provisions." Specifically, point I asserts the Board hired a replacement teacher for Appellant before the hearing [1]; point IV asserts two Board members were biased for reasons set forth in the argument portion of the brief. As explained hereunder, we hold points I and IV are not preserved for review.

After filing with the Board her notice of appeal to the circuit court, § 168.120, RSMo 1986,[2] Appellant filed a petition in that court. The petition alleged the evidence presented to the Board was "insubstantial, inconsequential and inefficient to support a decision to terminate [Appellant's] permanent teaching status." The petition also alleged the Board's decision did not involve the exercise of discretion, but only the application of law to the facts determined by the Board. Nowhere in the petition do we find an allegation that Appellant was denied a fair hearing for the reasons assigned in points I and IV.

Similar circumstances existed in *Citro v. City of Lee's Summit,* 658 S.W.2d 86 (Mo. App.W.D.1983). There, a police officer appealed to the circuit court from a personnel board decision upholding disciplinary action against him by the chief of police. The circuit court affirmed the board. On appeal to the Western District of this Court, the officer argued the charge against him did not define a standard of conduct which he had a duty to obey. *Id.* at 87. The city answered that such contention was not pled in the petition the officer filed in circuit court, consequently he could not raise it in the appellate court. *Id.* at 88.

The Western District agreed, pointing out that in reviewing a decision of an administra-

tive agency, a circuit court acts as a court of review, a role different than its customary function as a court of original jurisdiction. *Id.* at 89. Noting that § 536.140, RSMo 1978, provided the circuit court shall hear the case "upon the petition and record filed," *id.* at 88, the Western District concluded:

> [The] statutes evince ... that a petition for review ... functions to initiate the judicial process by a pleading which defines the issues to be met by the adversary and motivates a court to its adjudicative function.

*Id.* at 89.

The Western District held that because the claim of error asserted there was not presented to the circuit court by the officer's petition, it was not preserved for judicial review. *Id.* at 89–90[4].

*Citro* was followed in *Ruffin v. City of Clinton,* 849 S.W.2d 108 (Mo.App.W.D.1993). There, a police officer was demoted and the demotion was upheld by the city council. The officer filed a petition for review in the circuit court, together with a motion to dismiss the council's findings of fact. *Id.* at 110. The circuit court ultimately upheld the council.

On appeal to the Western District of this Court, the officer maintained the circuit court erred in refusing to strike the council's findings of fact and conclusions of law in that the city ordinance and rules under which he was demoted were not in evidence in the administrative proceeding. *Id.* at 113. Citing *Citro,* 658 S.W.2d at 89, the Western District held in *Ruffin:*

> We have searched not only the petition for review but [the officer's] motion to dismiss

---

1. The hearing was held June 5 and 11, 1991. The Board's letter notifying Appellant of its decision was sent July 12, 1991.

2. Section 168.120, RSMo 1986, reads, in pertinent part:
   1. The teacher shall have the right to appeal from the decision of the board of education to the circuit court of the county where the employing school district is located. The appeal shall be taken within fifteen days after service of a copy of the decision of the board of education upon the teacher....

2. The appeal may be taken by filing notice of appeal with the board of education, whereupon the board of education, under its certificate, shall forward to the court all documents and papers on file in the matter, together with a transcript of the evidence, the findings and the decision of the board of education, which shall thereupon become the record of the cause. Such appeal shall be heard as provided in chapter 536, RSMo.
   . . . .

and suggestions filed in support and we find no mention in any pleading before the trial court complaining of error that the City Council failed to introduce the merit ordinance or rules. The first reference to the ordinance and rules was on appeal. . . . Because of the absence of a complaint before the circuit court, the point is not preserved for review in this court.

849 S.W.2d at 114.

Consistent with *Citro* and *Ruffin,* we hold that inasmuch as (a) the claims of error in points I and IV were not presented to the circuit court by Appellant's petition, and (b) nothing in the record indicates such claims were otherwise raised by Appellant in the circuit court,[3] they are not preserved for review here.

In so holding, we are mindful that the procedure for judicial review in the instant case differs in one respect from that in *Citro* and *Ruffin.* In those cases, judicial review was under chapter 536, RSMo. Such review is instituted by filing a petition in the circuit court. § 536.110.1, RSMo 1986. In the instant case, as we have seen, judicial review was instituted by filing a notice of appeal with the Board. § 168.120.2, RSMo 1986.[4] However, that section provides: "Such appeal shall be heard as provided in chapter 536, RSMo." § 168.120.2, RSMo 1986.

We therefore see no reason that *Citro* and *Ruffin* should not apply here. To hold otherwise would mean that where judicial review is instituted under chapter 536, claims of error must be presented to the circuit court in order to be preserved for review by an appellate court, but where judicial review is instituted under the Teacher Tenure Act, claims of error need not be presented to the circuit court in order to be preserved for review by an appellate court. We can excogitate no justification for such a disparity. Requirements for preservation of error for judicial review should be uniform, regardless

of whether review is initiated by notice of appeal or petition. That is consistent with § 168.120.2, *supra,* which states judicial review in Teacher Tenure Act cases shall be as provided in chapter 536, RSMo.

We do not overlook *Jackson v. Board of Directors of School District of Kansas City,* 621 S.W.2d 97 (Mo.App.W.D.1981). There, a teacher's indefinite contract was terminated and she filed with the board of education a notice of appeal to the circuit court. The board contended the circuit court acquired no jurisdiction of the case in that the teacher did not file a petition for review. The Western District of this Court rejected the contention, holding § 168.120.2, RSMo 1978 (identical to the current version of that section), prescribed the method for vesting the circuit court with jurisdiction to review a Teacher Tenure Act case. 621 S.W.2d at 99[1]. *Jackson* did not address preservation of error for appellate review.

To allow Appellant, in this Court, to attack the Board's decision on grounds not presented to the circuit court would reduce circuit court review to an empty formality—a meaningless delay en route to the appellate court. We do not believe the General Assembly intended circuit court review of Teacher Tenure Act cases to be a trivial exercise. Had the General Assembly regarded circuit court review as inconsequential, we believe the General Assembly would have routed such cases directly from the board of education to the appellate court. We decline to emasculate circuit court review by considering assignments of error not presented there.

We turn now to Appellant's point II. It asserts the Board erred in terminating her contract in that much of the evidence relied on by the Board did not occur "during the relevant warning period." Consequently, says Appellant, the Board's decision is not supported by competent and substantial evidence.

3. Our conclusion that such issues were not raised in the circuit court is borne out by the circuit court's findings of fact and conclusions of law, which address the issues raised by Appel-

lant's petition but not those raised by points I and IV.

4. Footnote 2, *supra.*

■ This point requires an outline of the procedure for terminating a permanent teacher's indefinite contract on grounds of incompetency and inefficiency. The procedure is described in: *O'Connell v. School District of Springfield*, 830 S.W.2d 410, 412–13 (Mo. banc 1992); *Selby v. North Callaway Board of Education*, 777 S.W.2d 275, 276 (Mo.App.W.D.1989); *Iven v. Hazelwood School District*, 710 S.W.2d 462, 464 (Mo.App.E.D.1986). Under § 168.116.2, the school board or superintendent of schools must give the teacher a written warning ("the warning letter") stating specifically the causes which, if not removed, may result in charges for termination. The next step is that the superintendent or a designated representative and the teacher meet and confer in an effort to resolve the matter. The teacher is allowed at least thirty days in which to remedy the deficiencies spelled out in the warning letter. § 168.116.2. The third step is service on the teacher of written charges specifying the grounds allegedly existing for termination ("the termination letter"). § 168.116.1. The board of education must grant the teacher a hearing on such charges if the teacher so requests. *Id.*

Here, the Board issued the warning letter to Appellant March 28, 1991. The Board issued a termination letter April 29, 1991. The Board issued a more detailed termination letter May 10, 1991; it was the basis of the Board's evidentiary hearing.

The theory of error in Appellant's second point, as we comprehend it, is that there was no competent and substantial evidence before the Board that she failed to remedy the deficiencies set forth in the warning letter during the interval between March 28, 1991, and April 29, 1991. Appellant cites the following passage from *Selby*, 777 S.W.2d at 277:

> The crucial period in any proceeding terminating a tenured teacher due to incompetency, inefficiency or insubordination is the period beginning with the warning let-

ter and ending with the written charges. There must be competent and substantial evidence brought forth at the hearing showing continued incompetence, inefficiency or insubordination during the crucial period of the same type set forth in the warning letter. If this were not true a school board could undermine the effectiveness and purpose of the 30 day curative period by simply restating the contents of the warning letter in the termination letter, and then terminate the teacher's contract forthwith, regardless of what occurred in the curative stage. (Citations omitted.)

With commendable industry, Appellant devotes nine pages of argument in her brief to an item-by-item discussion of the deficiencies listed in the warning letter and her contention that there was no competent and substantial evidence that such deficiencies persisted during the curative period.

At the Board hearing, the principal of the school where Appellant taught presented evidence that he attended Appellant's classes on five different dates during the curative period. He observed several incidents of the same type deficiencies itemized in the warning letter, i.e., inability by Appellant to control student behavior and to keep students applied to assigned tasks. Additionally during the curative period, the principal received and investigated a report April 16, 1991, that students were outside Appellant's classroom, their heads protruding in through an open window.

The principal informed Appellant of the particulars of each incident at a conference April 30, 1991. The 36–page transcript of that conference was in evidence at the Board hearing as Exhibit 52. The termination letter of May 10, 1991, described seven of these incidents in detail.

After the evidentiary hearing, the Board reviewed the transcript and exhibits, and by letter of July 12, 1991,[5] notified Appellant her contract was terminated. The letter specifi-

5. Footnote 1, *supra*.

cally referred to the deficiencies listed in the termination letter of May 10, 1991. Attached to the July 12, 1991, letter were five pages of findings of fact and conclusions of law. The findings refer to the principal's observations narrated in Exhibit 52 (the conference of April 30, 1991), and state that while Appellant made some improvement in her teaching techniques and classroom management during the curative period, the improvements "did not meet the performance expectation of the District." The findings continue:

> The notice of charges as to incompetency and inefficiency dealt with the same issues of classroom and student management, maintaining students on task, providing for individual differences among students, lack of motivation, and lack of professional growth which were noted as deficiencies as early as the 1987–1988 school year.

Judicial review in this case is limited to a determination of whether the Board's decision is supported by competent and substantial evidence upon the whole record, whether it is arbitrary, capricious or unreasonable, or whether it constitutes an abuse of discretion. *Ross v. Robb*, 662 S.W.2d 257, 259[1] (Mo. banc 1983). We view the evidence in the light most favorable to the Board's decision. *Gamble v. Hoffman*, 732 S.W.2d 890, 892[1] (Mo. banc 1987); *Beck v. James*, 793 S.W.2d 416, 417[2] (Mo.App.E.D.1990).

The District's brief discusses the seven incidents that occurred during the curative period which were identified in the termination letter of May 10, 1991. The District emphasizes the principal's account of those incidents. Appellant's brief focuses on her version of them.

We have carefully read the three-volume, 390–page transcript and examined the exhibits pertinent to Appellant's second point. We hold the Board's finding that Appellant, during the curative period, did not improve her competency and efficiency to a level acceptable to the Board is supported by competent and substantial evidence, i.e., the evidence adverse to Appellant regarding the seven incidents during the curative period. It was the Board's prerogative to determine the level of competency and efficiency required of teachers in the District. *Hanlon v. Board of Education*, 695 S.W.2d 930, 934 (Mo.App. E.D.1985).

■ Even if, as argued by Appellant, her evidence would support a finding for her, such evidence does not compel reversal of the Board's decision. Where evidence before a board of education in a Teacher Tenure Act case warrants either of two opposed findings, a reviewing court is bound by the board's determination, and it is irrelevant that there is evidence to support a contrary finding. *Nevels v. Board of Education*, 822 S.W.2d 898, 900[3] (Mo.App.E.D.1991); *Cochran v. Board of Education*, 815 S.W.2d 55, 59 (Mo. App.E.D.1991). We defer to the board's determination of credibility of witnesses. *Cochran*, 815 S.W.2d at 59; *Beck*, 793 S.W.2d at 417[4].

■ In the argument portion of her brief, Appellant maintains the Board was required to set forth in its findings of fact the evidence on which it relied in determining she did not remedy her deficiencies during the curative period. According to Appellant, the Board failed to do so.

This hypothesis of error does not appear in Appellant's second point (or any other). An appellate court is obliged to determine only those questions stated in the points relied on; issues alluded to only in the argument portion of the brief are not presented for review. *Mashburn v. Tri–State Motor Transit Co.*, 841 S.W.2d 249, 252[4] (Mo.App.S.D.1992); *Biermann v. Gus Shaffar Ford, Inc.*, 805 S.W.2d 314, 325[19] (Mo.App.S.D.1991). As noted earlier, Appellant's second point alleges only that the Board's decision is not supported by competent and substantial evidence in that much of the evidence pertained to events that did not occur during the curative period. The point does not assert the Board's findings of fact are inadequate; consequently, that issue is not before us.

We hold the Board's decision to terminate Appellant's contract because of incompetency

and inefficiency is supported by competent and substantial evidence on the whole record, and an opinion recounting such evidence in detail would have no precedential value. Accordingly, Appellant's second point is denied in compliance with Rule 84.16(b)(4), Missouri Rules of Civil Procedure (1993).

Appellant's third point, the only one not yet addressed, reads:

> The ... Board erred in terminating [Appellant's] permanent teaching contract in that the decision is arbitrary, capricious and unreasonable because immaterial evidence was presented to and relied on by the ... Board in making their decision.

The point supplies no clue as to what the immaterial evidence was, and furnishes no hint as to wherein the Board relied on it. The point therefore presents nothing for review. *McMullin v. Borgers,* 806 S.W.2d 724, 730[7] (Mo.App.E.D.1991); *Eagleburger v. Emerson Electric Co.,* 794 S.W.2d 210, 221[5] (Mo.App.S.D.1990); *Brown v. New Plaza Pontiac Co.,* 719 S.W.2d 468, 474[6] (Mo.App. W.D.1986).

The judgment of the circuit court sustaining the Board's decision is affirmed.

PREWITT and GARRISON, JJ., concur.

## ON MOTION FOR REHEARING OR, IN THE ALTERNATIVE, FOR TRANSFER TO SUPREME COURT OF MISSOURI

PER CURIAM.

In a motion for rehearing or, in the alternative, to transfer this case to the Supreme Court of Missouri, Appellant avers she presented the claims of error in points I and IV to the circuit court in a brief filed there February 24, 1992. Attached to Appellant's motion is a copy of a 43–page document identified by Appellant as her circuit court brief. That document was not in the record on appeal when this Court adopted its opinion October 26, 1993.

■ This Court is confined to the record presented to it. *State ex rel. Kairuz v. Ro-*

*mines,* 806 S.W.2d 451, 453[1] (Mo.App.E.D. 1991); *Williams v. Clean Coverall Supply Co., Inc.,* 613 S.W.2d 659, 664[10] (Mo.App. E.D.1980). An appealing party desiring review of an issue has the duty to furnish all records relating thereto, and in the absence of such there is nothing for review. *York v. Missouri Pacific Railroad Co.,* 813 S.W.2d 61, 62[2] (Mo.App.E.D.1991); *Yung v. Yung,* 775 S.W.2d 343, 344 (Mo.App.E.D.1989).

We decline to consider, after opinion, items not in the record when the opinion is adopted. To do otherwise would condone untimely, piecemeal assembly of the record on appeal, adding chaos and delay in the appellate process.

Appellant's motion for rehearing or, in the alternative, to transfer this case to the Supreme Court of Missouri is denied.