Maggie L. PALMER, Personal Representative of the Estate of Joe W. Palmer, Deceased, Appellant,

v.

VAN BUREN R–1 BOARD OF EDUCATION, Respondent.

No. 18536.

Missouri Court of Appeals, Southern District, Division One.

Feb. 16, 1994.

Motion for Rehearing or Transfer to Supreme Court Denied March 9, 1994.

Application to Transfer Denied April 26, 1994.

Steven Privette, Willow Springs, for appellant.

Mary L. Dilks, Poplar Bluff, for respondent.

591

PARRISH, Chief Judge.

This is an appeal from a decision by the Board of Education of the Van Buren R–1 School District (the school district) terminating the indefinite contract of a permanent teacher. The teacher, Joe W. Palmer, appealed the school district's decision to the Circuit Court of Carter County (the trial court). That court affirmed the school district's order terminating the contract. This appeal followed. This court affirms.

A suggestion of the death of Joe W. Palmer was filed with this court together with a motion for substitution of parties. The motion was granted. Maggie L. Palmer, Personal Representative of the Estate of Joe W. Palmer, Deceased, was substituted as appellant.

The record on appeal consists of only a legal file. It includes: (1) copies of a letter dated May 24, 1991, with the heading "Statement of Charges and Notice of Hearing" that was given to Mr. Palmer pursuant to § 168.-116.3;[1] (2) a copy of the transcript of the hearing conducted by the board of education of the school district, see § 168.116.1; (3) 211 pages of "exhibits"[2] from the hearing conducted by the school board; (4) a copy of the school board's four-page written determination that includes "Findings of Fact", "Conclusions of Law", and its "Decision"; (5) a "Certificate on Appeal" that certifies the pages that precede it in the legal file are "the Notice of Hearing, a complete transcript of the testimony given at the hearing, exhibits submitted as evidence at the hearing, the decision of the School Board and the Notice of Appeal to the Circuit Court of Carter County"; (6) a copy of the trial court's "Order" affirming the decision of the school district; (7) a copy of the notice of appeal from the trial court's judgment; and (8) copies of the trial court's docket sheets.

1. References to statutes are to RSMo 1986 unless otherwise stated.

2. The "exhibits" apparently are those to which references were made in testimony before the school board at the hearing on the charges against Mr. Palmer. They are indexed in the legal file as "Exhibits" with a page reference "147—357."

The legal file includes no other pleadings. The docket sheets do not reflect that other pleadings were filed. A docket entry dated July 31, 1992, states, "Cause submitted to the Court on transcript & documentary evidence." The trial court's judgment was filed September 18, 1992. It recites the following findings:

[T]he Court finds substantial and competent evidence to support the School Board's decision to terminate the employment of the Appellant, Joe W. Palmer. The Court further finds that the decision of the School Board was neither arbitrary, capricious nor unreasonable; that the action of the School Board in this matter was not in violation of constitutional provisions; that in rendering its decision the School Board did not abuse its discretion.

The judgment affirmed "the decision of the Van Buren R–1 Board of Education to terminate the employment of Joe W. Palmer."

Appellant presents four points on appeal. Three of the points allege the school district failed to comply with specific procedural requirements of § 168.116 in terminating Mr. Palmer's contract. Point I challenges the sufficiency of the written warning the school district gave pursuant to the dictates of § 168.116.2. Point II contends the written charges given pursuant to § 168.116.1 "failed to adequately specify with particularity the grounds alleged to exist for termination." Point III complains that the school district did not comply with requirements of § 168.-116.2[3] that the superintendent or a designated representative meet with a teacher after notice is given that deficiencies exist that may result, unless the alleged deficiencies are corrected, in charges seeking termination of the teacher's contract. Appellant's fourth point asserts that Mr. Palmer was denied a fair hearing because the board of education of the school district was both the hearing

3. Appellant's brief erroneously cites § 168.114.2 as the statute upon which it relies for the issue raised in Point III. However, it is apparent that the complaint is based upon statutory requirements imposed by § 168.116.2.

tribunal and the agency that initiated the charges.

▇ This court's review is directed to the findings and decision of the school board, an administrative agency, not the judgment of the trial court. *City of Cabool v. State Bd. of Mediation,* 689 S.W.2d 51, 53 (Mo. banc 1985). However, this court considers only matters that appellant asserts were incorrectly reviewed by the trial court. *See Keesee v. Meadow Heights R–II School Dist.,* 865 S.W.2d 818, 821 (Mo.App.1993).

▇ Although failure to file a petition for review of a school district's determination of a teacher tenure issue is not jurisdictional, *see Jackson v. Bd. of Directors of School Dist. of Kansas City,* 621 S.W.2d 97, 99 (Mo.App.1981), the filing of a petition for review is a means by which an appellant may identify and present issues for review to a circuit court. No petition for review was filed in this case. No request was made for written findings regarding whether the school district complied with the procedural requirements of § 168.116. *See* Rule 73.-01(a)(3). The record on appeal does not disclose that appellant presented the grounds asserted in Points I, II and III to the trial court. This court held, in *Keesee:*

> To allow Appellant, in this Court, to attack the Board's decision on grounds not presented to the circuit court would reduce circuit court review to an empty formality—a meaningless delay en route to the appellate court.... We decline to emasculate circuit court review by considering assignments of error not presented there.

865 S.W.2d at 821. Points I, II and III are denied. They were not presented to the trial court; therefore, they were not preserved for appellate review.

▇ Point IV asserts that the school board, the agency before which Mr. Palmer's hearing was held, was not a fair tribunal; that, therefore, Mr. Palmer was denied due process. Appellant's specific complaints include that the superintendent told the members of the school board, prior to the hearing, that Mr. Palmer "had not improved from the list of deficiencies and from the recommendations made and [he] recommended to the

Board that [they] issue [the] Statement of Charges and notice of a hearing." The superintendent testified that this occurred. However, the superintendent was then asked, "Did you discuss in detail each allegation in the Statement of Charges contained in [the written charges given pursuant to § 168.116.1]?" He answered, "No, sir."

Appellant also complains that sometime prior to the school board's hearing, one of the board members who later participated in the hearing asked the superintendent, "What do you think (of the Palmer situation)?" The superintendent testified that a board member had asked such a question. The superintendent was asked, "When he asked you what do you think how did you respond?" He answered, "I said I don't know, I said we'll just have to see how the hearing goes."

Appellant further complains that the superintendent, before the school board's hearing was held, "discussed with board president Barnes 'what her role was going to be in the hearing.'" The question and answer to which appellant referred was:

> Q. [By Mr. Palmer's attorney] After the May twenty-third hearing [meeting?] of the Board did you have any discussions with any other member of the Board regarding Mr. Palmer's case?
>
> A. Only with the Board President in relationship to subpoenas and she had to sign and some documentation that we received from counsel on the procedures, what her role was going to be in the hearing.

"The law is well-settled that the school board for the district that initiates charges against the teacher may also conduct the hearing, absent actual bias or prejudice." *O'Connell v. School Dist. of Springfield R–12,* 830 S.W.2d 410, 418 (Mo. banc 1992), *citing Ross v. Robb,* 662 S.W.2d 257, 259 (Mo. banc 1983); and *Eddington v. St. Francois County R–III Bd. of Educ.,* 564 S.W.2d 283, 285 (Mo.App.1978). "Prior knowledge of the facts does not by itself create bias. The statutory scheme provides for the school board to both initiate and make the ultimate adjudication." *Cochran v. Bd. of Educ. of*

*Mexico School Dist. No. 59*, 815 S.W.2d 55, 62 (Mo.App.1991).

The critical inquiry is whether a review of the record "indicates that the board of education's prior knowledge of facts resulted in an irrevocable commitment on its part to terminate [the teacher], regardless of what the evidence at the hearing, pro or con, might reveal, or that it conducted the hearing and passed judgment with an unbendable or preconceived notion that [the teacher] was guilty as charged." [*Harrisburg R–VIII School Dist. v. O'Brian*, 540 S.W.2d 945, 950 (Mo.App.1976) ]. See also, *Mo–Kan Airport Passenger Service, Inc. v. City of Kansas City*, 689 S.W.2d 641, 643 (Mo.App.1985), in which the court observed that "[t]he board, of necessity, is informed of the charges prior to the commencement of termination proceedings. In those cases, the board is informed of certain facts in order to make an informed decision on the commencement of the termination procedure."

*Id.* at 63.

The trial court's findings included that Mr. Palmer's rights guaranteed by "constitutional provisions" were not violated. This court agrees. A review of the record on appeal reveals no actual bias or prejudice on the part of the school board or its members. Point IV is denied. The decision of the board of education terminating the contract is affirmed.

SHRUM and MONTGOMERY, JJ., concur.