**Essie R. DANIELS, Respondent,**

v.

**Desmond U. DANIELS, Sr., Appellant.**

**No. WD 39602.**

Missouri Court of Appeals,
Western District.

April 5, 1988.

Peter M. Schloss, Kansas City, for appellant.

Albert A. Riederer, Robert Frager, Kansas City, for respondent.

Before KENNEDY, C.J., and
BERREY and COVINGTON, JJ.

PER CURIAM:

Desmond Ulrich Daniels, Sr., and Essie R. Daniels were divorced by decree dated November 22, 1976. The custody of their only child, Desmond, Jr., was awarded to the mother. The father was ordered to pay child support of $135 per month at the beginning, but this was twice modified in later years. From April 17, 1984, child support was fixed at $300 per month. The father executed an assignment of income, Sec. 452.350(1), RSMo 1976.

On April 1, 1987, Essie, alleging that Desmond was $900 delinquent in his child support payments, requested a notice for income withholding be issued to the father's employer, Metropolitan Community Colleges. Such a notice was duly served upon the employer on April 9. Desmond filed a "Motion to Quash Garnishment of Respondent's Wages Issued Pursuant to Section 452.350, RSMo Notice", which has been treated as a "request (for) a hearing on the issue of whether the income assignment should take effect", Sec. 452.350(4), RSMo 1976.

The court after an evidentiary hearing denied Desmond's motion and Desmond has appealed.

◼ We find that there is substantial and competent evidence to support the trial court's ruling. The father's last child support payment was made in October, 1986. Until the summer of 1986 Desmond, Jr., had resided with Essie in her home. At that time he and his mother had some kind of altercation and according to his testimony she "kicked him out" (Essie denied this.) He began staying at a friend's house and continued staying there until he went to live with his father in February 1987. During the time he was staying with his friend, his possessions remained at his mother's house, and there is evidence from which it can be inferred that she was continuing to provide support for him. He was employed only a part of the time during this period. There is on the other hand no evidence that the father was making any contribution to

the youngster's support after October 1986. The obligation to pay child support continues until the child is age 21 or becomes emancipated. Sec. 452.370(3), RSMo 1986; *In re Marriage of Hughes*, 734 S.W.2d 280 (Mo.App.1987). The trial court found "that the minor child is not yet emancipated."

There were at a minimum three full months before Desmond, Jr., moved in with Desmond during which Desmond made no child support payments to Essie. Those were the months of November and December of 1986, and the month of January, 1987.

For his second point, Desmond complains of the inclusion in the court's order of purported rulings upon issues not before the court. In this contention Desmond must be sustained.

■ The court's order went beyond the issues raised by appellant's "Motion to Quash Garnishment" and undertook sua sponte to rule issues of future child support, visitation and custody which were not before the court. Rulings on issues which were not presented to the court were coram non judice and void. *Bayer v. Associated Underwriters, Inc.*, 402 S.W.2d 11, 13 (Mo.App.1966). In the next paragraph, we direct certain deletions and additions to the order which will eliminate such collateral rulings.

The order overruling appellant's "Motion to Quash Garnishment" is affirmed. The order should be modified as follows: It should order the termination of the income assignment upon the receipt by the court clerk of the sum of $900, found by the court to be in arrears (of which $600 had been received under the income assignment at the time of the hearing); and should order the clerk upon receipt of such sum to notify the employer of such termination. The order should also terminate Desmond's obligation for payment of child support to Essie as of February 1, 1987. The language should be eliminated from the order which purports to give Essie judgment against Desmond for $900, for which execution should issue. (She already had judgment, and the procedure before the court was concerned with its collection.) The order should not undertake to rule any question of future child support, custody or visitation or of Desmond, Jr.'s emancipation, which issues were not before the court.

As so modified, the judgment is affirmed. The cause is remanded for the entry of a new judgment in accordance with the foregoing opinion.