Denna JOY, Appellant,

v.

NEW PLAZA BMW AND PONTIAC, Respondent,

and

General Motors Acceptance Corporation, Garnishee.

No. WD 40604.

Missouri Court of Appeals, Western District.

June 6, 1989.

Stephen C. Caruso, Staab and Caruso, Kansas City, for appellant.

Louis C. Accurso, Accurso and Stein, P.C., Kansas City, for respondent.

Thomas J. Cox, Marilyn S. Gussman, and E. Ann Wright, Kansas City, for General Motors.

Before NUGENT, P.J., and SHANGLER and CLARK, JJ.

CLARK, Judge.

Denna Joy appeals from the order of an associate circuit judge in Jackson County quashing a garnishment directed to respon-

dent, General Motors Acceptance Corporation, in aid of execution upon a judgment Joy obtained against "New Plaza BMW and Pontiac."

We deduce from the general contentions in the briefs that appellant's problems lie in her misnomer of the original defendant sued in the cause below. It is taken as admitted that no entity known as "New Plaza BMW and Pontiac" has ever existed. Respondent identifies itself here as New Plaza Pontiac Co., Inc., a Missouri corporation, but it does not acknowledge identity with the named defendant in the judgment. Despite this, the focus of the appeal is muddled.

Appellant presents what purport to be two points of error. The first point reads as follows:

Whether this court, pursuant to Section 512.180(1), V.A.M.S. has jurisdiction to hear an appeal from an associate circuit court order on a garnishment where the original petition amount was $4,900.00 but with interest bringing the total on the dismissal pleading to $6,314.50.

The argument portion of the brief commences with the following statement:

Appellant takes no position on this jurisdictional issue. The court's guidance is sought * * *.

It is implicit in the filing of any appeal that the party claiming to have been aggrieved by action of the court below present his claims to that court which he has determined is vested with jurisdiction to redress the error. To this end, Rule 84.04 states that the brief for appellant shall contain a statement of the grounds on which jurisdiction of the review court is invoked. The rule anticipates and assumes that the appellant shall, in the first instance, ascertain whether a final appealable judgment is at issue and, if so, where jurisdiction of the appeal lies. It is the appellant's responsibility to invoke the court's jurisdiction and to support that proposition by an affirmative statement to that effect in the brief. Where such is not done, the appeal is subject to dismissal. *In re Schell's Estate,* 370 S.W.2d 816, 817–18

(Mo.App.1963); *Feltenberger v. Evers,* 210 S.W.2d 404, 405 (Mo.App.1948).

A threshold issue in every case is whether the court where relief is sought has jurisdiction over the cause before it. It may well be that such an issue exists in this case involving the provisions of § 512.180.1, RSMo 1986, regarding review by trial de novo and § 512.180.2, RSMo 1986, pertaining to appeals, but we decline to consider it. The mere fact, as stated, that Joy professes uncertainty as to what action she should take to further her interests does not present a justiciable controversy to which this court must respond. The product would be no more than an advisory opinion on the issue of jurisdiction. It is not the policy or practice of this court to issue such opinions particularly where, as here, we do not reach any substantive claim of trial court error.

Respondent New Plaza Pontiac Co., Inc. has taken the negative of the jurisdiction question, so contending because the amount in controversy measured by the original claim by Joy for damages was less than $5,000.00 and, hence, subject to review after judgment by trial de novo under § 512.180.1, RSMo 1986. This, of course, involves the same question of jurisdiction we have already declined to address for want of any proponent asserting the affirmative of the proposition and seeking to establish our jurisdiction. In the circumstances here, it is unnecessary to seek a solution to the question of jurisdiction, normally a matter of first concern, because the appeal is subject to dismissal on another ground, also asserted in respondent's motion. We review the history of the case in the associate circuit court for the purpose of showing that the appeal must be dismissed because taken out of time.

Joy filed suit September 14, 1984, claiming damages from "New Plaza BMW and Pontiac" in the amount of $4,900.00 for alleged faulty auto repairs. No answer was filed or appearance made and the court entered a default judgment for Joy in the amount prayed on October 15, 1984. The judgment lay dormant until January 12, 1986 when a writ of execution was issued.

It was returned unsatisfied. On September 11, 1986, a garnishment in aid of execution was issued to General Motors Acceptance Corporation, the garnishee denied any debt owed the judgment debtor and Joy denied the garnishee's answer. The garnishment was quashed by the court on April 20, 1987.

On April 10, 1987, Joy had sought an amendment of process to change the name of the defendant against whom the judgment had been rendered in 1984 to New Plaza Pontiac Co., Inc. The motion was denied by order entered June 3, 1987. The final action in the case below occurred January 5, 1988 when Joy sought a second garnishment against General Motors Acceptance Corporation, this time substituting, on her own initiative, the name of New Plaza Pontiac Company, Inc., a Missouri corporation as the judgment debtor. The garnishee made a similar denial of any debt due "New Plaza BMW & Pontiac," Joy denied the answer and the court ultimately issued its order quashing the garnishment. It is from this last order, entered May 5, 1988, that the present appeal is ostensibly taken.

Even were jurisdiction over this appeal otherwise to be in this court, a conclusion we do not intend to infer, the appeal is long out of time. What Joy appears to argue is that the difference in names between New Plaza BMW and Pontiac and New Plaza Pontiac Co., Inc. is so slight that the intended defendant had notice of the suit, was not misled and allowed the case to go by default at its peril.

The argument Joy makes, and the basis for her second claim of error asserted in this appeal, may or may not have merit in a contest between Joy and New Plaza, but it has no bearing on the issues framed in the garnishment between Joy and General Motors. There is no ground for Joy to complain when General Motors denies indebtedness to New Plaza BMW and Pontiac, an entity unknown to General Motors. Before Joy may successfully reach funds in the hands of General Motors, she must first procure a garnishment summons attaching the assets of New Plaza Pontiac Co., Inc.

In fact, as the summary of the record above shows, Joy did attempt to secure such a judgment by her motion filed in the associate court in April, 1987. That motion was denied June 3, 1987. If Joy had any claim of error, it was not in the order which quashed the most recent garnishment May 5, 1988, but in the court's order of June 3, 1987 which ruled, in effect, that Joy had no judgment against respondent, New Plaza Pontiac Co., Inc. Joy took no appeal from that order, either to this court or by application for trial de novo in the circuit court. The right to review of that decision has passed and could not be revived by the purported appeal taken here. This appeal, seeking in effect to review the decision by the associate circuit court made June 3, 1987, is out of time and must be dismissed.

The appeal is dismissed.

All concur.