Patricia A. FLORA,
Petitioner/Respondent,

v.

Val G. FLORA, Respondent/Appellant.

No. 60868.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 14, 1992.

Rehearing Denied Aug. 12, 1992.

Scott Kell, Kell & Flach, St. Peters, for respondent/appellant.

Michael Turken, St. Charles, for petitioner/respondent.

PER CURIAM.

Husband appeals from a decree dissolving the parties' marriage, challenging its provisions for child custody and support, maintenance, division of property, and award of attorney fees and costs. We dismiss.

The parties were married on December 27, 1952. Five children were born of the marriage, one of whom was unemancipated at the time of the decree. The decree was entered on July 1, 1991. Wife was awarded custody of the minor child, subject to reasonable visitation rights in husband. Husband was ordered to pay child support of $100.00 per week, pay wife maintenance of $400.00 per month, and provide the parties' unemancipated child with medical and dental insurance. The trial court also ordered husband to pay any of the child's medical and dental expenses not covered by insurance. Marital and separate property was distributed, including an award to wife of fifty percent of husband's retirement pension. Lastly, husband was ordered to pay court costs and $3,098.00 for wife's attorney fees.

On appeal, husband contends (1) the child support and maintenance awards constituted an abuse of discretion and were against the weight of the evidence; (2) the award to wife of fifty percent of husband's retirement plan was an unjust and disproportion-

ate distribution of assets; (3) the trial court failed to consider certain evidence in awarding custody; (4) the support and maintenance awards, together with the division of property, resulted in an unjust and disproportionate distribution of marital property; and (5) the award to wife of attorney fees and costs was unduly burdensome to husband and constituted an abuse of discretion.

■ Husband sought leave to proceed *in forma pauperis* and have the transcript prepared without cost to him. Husband's motion was denied by this court. Husband proceeded with the appeal without filing a transcript, relying on items contained in his legal file and allegations in his brief. Wife's counsel filed a motion to dismiss, claiming that the allegations and documents on which husband relies are all disputed, and that husband's arguments are not supported by the trial transcript.

■ The record on appeal must contain all of the record, proceedings, and evidence necessary to the determination of all questions to be presented to the appellate court for decision, Rule 81.12(a), and it is appellant's responsibility to file the transcript and prepare a legal file so that the record contains the evidence necessary for such a determination. *Phelps v. Runions*, 799 S.W.2d 167, 168 (Mo.App.1990).

We have carefully reviewed the record in an attempt to decide the issues on the merits. The legal file includes copies of certain financial and income and expense statements, answers to interrogatories, and tax returns. None are marked as exhibits and nothing in the record shows any were received in evidence and considered by the trial court. The only exhibit filed with this court is Petitioner's (Appellant's) Exhibit 1, McDonnell Douglas pension and benefits documents. The record does not reflect whether the exhibit was received in evidence. The evidence presented to the trial court is not before this court.[1]

■ All of husband's claims of trial court error require review of the evidentiary bases for the trial court's decision. Husband's recitals in his motions and statements in his brief are unsupported by the record and are not evidence; as such, they are insufficient to supply essential matters for review. *Yung v. Yung*, 775 S.W.2d 343, 344 (Mo.App.1989). Further, "[w]here no transcript is filed, evidentiary omissions will be taken as favorable to the trial court and unfavorable to the appellant." *Phelps*, 799 S.W.2d at 169 (quoting *Delf v. Cartwright*, 651 S.W.2d 622, 624 (Mo.App. 1983)). Husband has failed to provide this court with evidentiary support for his claims of trial court error. Wife's motion to dismiss the appeal is sustained.

■ Lastly, we consider husband's pending motion to remand this case to the trial court for rehearing, wherein he alleges that (1) the trial court failed to distribute a lot adjoining the marital residence; (2) the court failed to dispose of certain undescribed debts incurred by husband; and (3) wife has failed to account for money that was to be used for payment of joint debts during the pendency of the dissolution action. The record does not reflect that these allegations were ever before the trial court, nor are they asserted in husband's appellate brief. The allegations are conclusory and are not supported by the record on appeal. The motion to remand is denied.

Appeal dismissed.

---

1. Although he fails to raise the issue on appeal, husband in his response to wife's motion to dismiss contends the dissolution decree is void on its face. We find no merit in husband's contention.