**Deborah WASHAM, Respondent,**

v.

**Sandra NORTH, Appellant.**

**No. WD 46945.**

Missouri Court of Appeals, Western District.

July 20, 1993.

Basil L. North, Jr., Basil L. North, Jr. and Associates, Kansas City, for appellant.

Deborah Washam, pro se.

Before FENNER, P.J., and SPINDEN and SMART, JJ.

PER CURIAM:

This case arises out of a breach of contract action concerning the sale of all shares of a corporation. Defendant Sandra North appeals from the judgment entered in favor of Plaintiff Deborah Washam for $11,779.82 on September 24, 1991.

On December 17, 1986, Ms. Washam and Ms. North entered into a contract for the sale of all shares of Dynasty Health Care Corporation for a purchase price which included $13,100.00 and the assumption of certain other indebtedness. The contract called for a down payment of $7,000.00 in cash. The sum of $6,100.00 was to be paid in installments, and the buyer further agreed to pay the balance due on the seller's personal loans which were obtained to provide start up funds for a subsidiary corporation, Autumn Leaves Residential Care Facility. The contract includes a requirement for the transfer to buyer of a certain building (presumably the intended site of the proposed residential care facility) and its "chattels, fixtures, and personal contents." It is acknowledged that the buyer paid the $7,000.00 down payment, and then defaulted at some point in the specified other payments. It is unclear how much was still owed at the time Ms. Washam, the seller, sued Ms. North for breach of contract. The case was tried in associate circuit court, and plaintiff was awarded a judgment of $11,779.82 in damages.

On appeal, Ms. North alleges two points of trial court error. First, defendant contends that the trial court erred in finding that plaintiff sustained contract damages. Defendant claims plaintiff suffered no pecuniary loss in that plaintiff was in a better position after the alleged breach than she was before

entering the contract. Second, defendant contends that the trial court erred in awarding plaintiff compensatory damages. Defendant claims that plaintiff suffered at most nominal damages in that defendant's alleged failure to perform was a mere technical rather than substantive breach from which plaintiff suffered no loss. Plaintiff contends, in response, she was damaged because she relinquished control of the business to defendant, who, she contends, remains in possession.

Certain facts in the instant case are disputed by the parties, such as whether defendant has surrendered possession of the business assets back to plaintiff, and whether the business assets have any current value. We have no way of knowing how important these factual matters are. Plaintiff urges them as key aspects of her appeal. On the other hand, if the trial court awarded plaintiff damages to provide her with the "benefit of her bargain," the current value of the business may be immaterial. The legal file consists solely of the original petition, a copy of the sale contract, the judgment of the trial court (which did not include findings of fact and conclusions of law), and the trial briefs of the parties. Appellant's statement of facts purports to cite to the record by the statement, "testimony at trial" after certain factual allegations. Other assertions within the statement of facts of appellant cite to pages of the legal file which contain appellant's own post-trial brief. No stipulation of fact, or transcript of the testimony below, was filed with the court. Rule 81.12(a) requires that the record on appeal include "all of the record, proceedings and evidence necessary to the determination of all questions to be presented...." Since essential factual matters are in dispute and the allegations of error are evidentiary in nature, the dispute may not be resolved without access to a transcript of the proceedings below. This court is unable to evaluate the issues in this case without such

a record.[1] Accordingly, the appeal is dismissed. Costs assessed to the appellant.

---

1. At oral argument, this court expressed concern about its ability to resolve the issues in the case without a transcript of the trial below. Nevertheless, appellant has not sought leave to supplement the record on appeal. It appears that, even with a transcript, appellant would be unable to prevail. Appellant's arguments appear to confuse theory of damages in a contract action (where a party may be entitled to the benefit of a bargain) with the theory of damages in tort (where the plaintiff's condition after the injury is compared to the plaintiff's condition before the injury).