**In re the MARRIAGE of Patricia Murphy OSBORNE and Anthony L. Osborne.**

**Patricia Murphy OSBORNE, Appellant,**

**v.**

**Anthony L. OSBORNE, Respondent.**

No. 19642.

Missouri Court of Appeals, Southern District, Division Two.

March 21, 1995.

Lynn Plaisance Johnson, Springfield, for appellant.

Wayne Gifford, Waynesville, for respondent.

CROW, Judge.

The parties' marriage was dissolved by a decree entered December 28, 1993. Among other things, the decree awarded Appellant physical custody of the parties' two children and ordered Respondent to pay Appellant $665 per month child support.

On March 29, 1994, Respondent filed a "Motion to Determine Arrearages," praying the trial court to determine the amount of child support, if any, owed by Respondent to Appellant. Respondent's motion averred Appellant had "filed documents alleging that [Respondent] is late on his child support payments and certain calculations in regard thereto."

Following a hearing on the motion, the trial court entered an order May 17, 1994, finding Respondent owed no arrearage and was entitled to "credit for $332.50 toward his June payment." Appellant brings this appeal from that order.

The jurisdictional statement in Appellant's brief reads, in part:

"Payments [of child support] having not been received by the Clerk as Trustee, a withholding was initiated to correct the arrearage. On or about March 29, 1994, Respondent filed a Motion to Determine Arrearage. A hearing was held on April 6, 1994 to determine arrearages before the Honorable Douglas Long.... It is the Order determining arrearage which is the subject of this Appeal."

Rule 84.04(a)(1)[1] requires that an appellant's brief contain a concise statement of the grounds on which jurisdiction of the review court is invoked. Nothing in the jurisdictional statement (or elsewhere) in Appellant's brief demonstrates that the order of May 17, 1994, is appealable. Our independent research has produced nothing establishing it is.

Contrary to the averment in Appellant's jurisdictional statement, the statement of facts in her brief tells us: "Defendant having fallen into arrears on child support, a garnishment was instituted on March 24, 1994." Although Rule 84.04(h) requires that all statements of fact have specific page references to the legal file or the transcript, Appellant supplies no such reference in support of the preceding statement.

We have searched the legal file, but have discovered no copy of a writ of garnishment and no indication one was issued. We do espy an entry on the "Case History" under date of "03/24/94" showing: "Document Filed. Notice of Income Withholding. Copies sent by certified mail to employer and regular mail to obligor." No copy of the "Notice" appears in the legal file. Unaided by Appellant's brief, we have deduced the "Notice" was issued pursuant to § 452.350, RSMo Cum.Supp.1993. We surmise this was the "withholding" referred to in Appellant's jurisdictional statement.

■ Had there been a writ of garnishment, and had the trial court's order of May 17, 1994, quashed the garnishment, we would have an appealable order. In *Flynn v. First National Safe Deposit Co.*, 284 S.W.2d 593, 596–97[6] (Mo.1955), an order quashing a writ of garnishment was held to be a final judgment from which an appeal could be taken. *Accord: Landmark Bank of Ladue v. General Grocer Co.*, 680 S.W.2d 949, 955[15] (Mo.App.E.D.1984); *Hardin v. Hardin*, 512 S.W.2d 851, 852[1] (Mo.App.1974).

However, as best we can determine from the legal file—there is no transcript, a problem we address *infra*—this appeal was not taken from an order quashing a garnishment. Instead, it appears the procedure utilized

1. Rule references are to Missouri Rules of Civil Procedure (1994).

here to collect the allegedly delinquent child support was withholding of income per § 452.350, RSMo Cum.Supp.1993. That may have been what prompted Respondent to move the trial court to determine whether there was any child support arrearage.

Whether the order of May 17, 1994, is appealable is a question we cannot ignore. The right of appeal is statutory; without underlying statutory authority there is no right to an appeal. *United Labor Committee, Inc. v. Ashcroft,* 572 S.W.2d 446, 447[1] (Mo. banc 1978). An appeal without statutory sanction confers no authority upon an appellate court except to enter an order dismissing the appeal. *Holt v. McLaughlin,* 357 Mo. 844, 210 S.W.2d 1006, 1008[6] (1948).

The basic statutory provision granting the right to appeal in civil cases is § 512.020, RSMo 1986. *United Labor Committee,* 572 S.W.2d at 447. Insofar as pertinent here, that statute allows any party aggrieved by any judgment of any trial court in any civil case from which an appeal is not otherwise prohibited to appeal to a court having appellate jurisdiction "from any final judgment in the case or from any special order after final judgment in the cause."

Under § 512.020, it is the general rule that for the purpose of appeal, a judgment must be a final judgment. *Lightfoot v. Jennings,* 363 Mo. 878, 254 S.W.2d 596, 597[1] (1953). Regardless of whether the parties raise the issue, an appellate court must determine whether the judgment or order appealed from is final. *Estate of Sawade v. State of Missouri,* 787 S.W.2d 286, 288[1] (Mo. banc 1990). Consequently, we consider the issue of appealability of the trial court's order of May 17, 1994, *sua sponte.* *Jefferson v. Bick,* 840 S.W.2d 890, 891[1] (Mo.App.E.D.1992); *City of Florissant v. Lee,* 714 S.W.2d 871, 872–73[1] (Mo.App.E.D. 1986).

In *Daniels v. Daniels,* 748 S.W.2d 916 (Mo.App.W.D.1988), a child support obligor executed an assignment of income pursuant to an earlier version of § 452.350. Later, the obligee, alleging the obligor was delinquent, requested that a notice for income withholding be issued to the obligor's employer. The requested notice was served on the employer, whereupon the obligor filed a "Motion to Quash Garnishment of [Obligor's] Wages Issued Pursuant to Section 452.350, RSMo Notice." The trial court treated the motion as a request for a hearing on the issue of whether the income assignment should take effect per the version of § 452.350 then in force. After an evidentiary hearing, the trial court denied the obligor's motion.

On appeal by the obligor, the Western District of this Court held there was sufficient evidence to support the trial court's ruling. The opinion did not address the appealability of the order, hence we infer the Western District considered it appealable.

However, there is a difference between *Daniels* and the instant case. In *Daniels,* the order denied the obligor's request to terminate the income assignment, thereby leaving it intact. Here, we have surmised that at the instance of Appellant, some of Respondent's income was withheld per § 452.350, RSMo Cum.Supp.1993. The legal file contains nothing by which we can confirm our suspicion and (assuming we are correct) nothing showing the amount withheld. The trial court's order does not purport to affect the withholding; it merely declares there is no arrearage and allows Respondent a credit against a future installment.

Although subsection 4 of § 452.350, RSMo Cum.Supp.1993, authorizes a trial court, upon request of the obligor, to resolve a "mistake of fact" regarding arrearages, we find no provision therein authorizing an appeal from such a determination.

We have received no help from Respondent on the appealability issue, as he filed no brief within the allotted time. As explained *infra,* he filed a motion to dismiss the appeal, but for another reason.

In *Joy v. New Plaza BMW and Pontiac,* 771 S.W.2d 906 (Mo.App.W.D.1989), the appealing party's brief did not demonstrate that the appellate court had jurisdiction of the appeal, but instead sought guidance from the court on whether a statute pertaining to appeals in cases tried by associate circuit judges conferred jurisdiction of the appeal on

the appellate court. The appellate court said:

> "It is implicit in the filing of any appeal that the party claiming to have been aggrieved by action of the court below present his claims to that court which he has determined is vested with jurisdiction to redress the error. To this end, Rule 84.04 states that the brief for appellant shall contain a statement of the grounds on which jurisdiction of the review court is invoked. *The rule anticipates and assumes that the appellant shall, in the first instance, ascertain whether a final appealable judgment is at issue* and, if so, where jurisdiction of the appeal lies. It is the appellant's responsibility to invoke the court's jurisdiction and to support that proposition by an affirmative statement to that effect in the brief. Where such is not done, the appeal is subject to dismissal."

*Id.* at 907[1–3] (emphasis added).

The appellate court in *Joy* avoided deciding whether the statute in question vested it with jurisdiction. The opinion explained:

> "In the circumstances here, it is unnecessary to seek a solution to the question of jurisdiction, normally a matter of first concern, because the appeal is subject to dismissal on another ground.... [T]he appeal must be dismissed because taken out of time."

*Id.* at 907.

We need not decide whether the trial court's order of May 17, 1994, is appealable because, like *Joy*, this appeal is subject to dismissal on another ground.

As noted earlier, Appellant filed no transcript. Her explanation is: "There is no transcript, as this matter was heard on a Law Day and no recording of testimony was done."

To illustrate why a transcript is indispensable in this appeal, we begin by quoting Appellant's point relied on:

> **"The trial court erred in its calculation of child support arrearage which grossly prejudiced the Plaintiff and the minor children."**

Appellant's brief sets forth a number of alleged facts pertinent to the above contention. While some of the averments are confirmed by the legal file, many are not.

For example, Appellant's brief refers to eight payments by Respondent. The dates and amounts of the first five are not established by the legal file. Additionally, Appellant's hypothesis that there is an arrearage is based on an Army Regulation.[2] Because there is no transcript, we cannot determine whether the regulation was presented to the trial court and, if it was, what effect, if any, the trial court gave it.

■ The record on appeal must contain all of the record, proceedings, and evidence necessary to the determination of all questions to be presented to the appellate court for decision. Rule 81.12(a); *Flora v. Flora*, 834 S.W.2d 822, 823[2] (Mo.App.E.D.1992). It was Appellant's responsibility to submit such a record. *Nolfo v. Dubin*, 861 S.W.2d 136, 138[2] (Mo.App.E.D.1993); *Flora*, 834 S.W.2d at 823[2].

Respondent has moved to dismiss the appeal because Appellant filed no transcript. Respondent's motion avers that prior to the hearing, the trial court asked, "Does either party want these proceedings on the record?" According to Respondent, counsel for both parties stated there was no need for the hearing to be on the record.

Appellant does not dispute Respondent's explanation. Nothing in the meager record indicates, and Appellant does not imply, that the absence of a transcript is the fault of the

**2.** The decree of dissolution of marriage recites: "[Respondent] is employed by the United States Army, pay grade of E–7 and receiving Drill Sergeant Pay." Appellant's theory of error, as we comprehend it, is that between the date of the separation (on or about August 6, 1993) and the date of the decree (December 28, 1993), Army Regulation 608–99 required Respondent to make "family support payments" to her in a specific monthly amount. Appellant maintains that as of the date of the decree, Respondent had not satisfied that obligation in full, hence some of the money he paid her after entry of the decree should have been applied against that arrearage. We gather from Appellant's brief that she believes the trial court credited all of the payments by Respondent after entry of the decree against the child support award in the decree.

trial court or court personnel. Appellant makes no claim that either side alerted the trial court that the hearing should be recorded.

Consequently, such cases as *Johnston v. Johnston*, 573 S.W.2d 406 (Mo.App.1978), where there was no transcript because the trial court stated such procedure would waste the court reporter's time and excused the reporter from the courtroom, and *Lynn v. Plumb*, 808 S.W.2d 439 (Mo.App.S.D.1991), where the transcript was incomplete because one of three magnetic tapes on which the trial was recorded was lost through no fault of the appealing party, do not apply.

 At the request of either party, the proceedings at the trial level should be recorded, preserved and included in the transcript on appeal where necessary to present a claim of trial error. *Johnston*, 573 S.W.2d at 411[3]. However, where there is no claim that such a request was made, reversal and remand for a new hearing is unwarranted. Such relief would offend the rule that a party cannot complain of error in which he joined or acquiesced at trial. *Taylor v. Cleveland, C., C. & St. L. Ry. Co.*, 333 Mo. 650, 63 S.W.2d 69, 74–75[15] (1933), *cert. denied*, 290 U.S. 685, 54 S.Ct. 121, 78 L.Ed. 590 (1933). Furthermore, granting such relief would encourage litigants to tell trial courts that a record is unnecessary, knowing that if the result is adverse, a new hearing can be had because there is no record.

 Statements of fact in a brief which are unsupported by the record are not evidence, hence they supply no basis for appellate review of alleged trial court error. *Flora*, 834 S.W.2d at 823[3]; *Yung v. Yung*, 775 S.W.2d 343, 344 (Mo.App.E.D.1989). When we disregard the unsupported statements of fact in Appellant's brief, what remains is insufficient to determine the question Appellant seeks to present. Consequently, the appeal must be dismissed. *Flora*, 834 S.W.2d at 823; *Yung*, 775 S.W.2d at 345.

That being so, we need not—and do not—decide whether the order appealed from is appealable. Resolution of that issue can await a case where it is essential in determining whether the appeal must be dismissed.

The result here (dismissal of the appeal) is the same whether it is for lack of an appealable order or lack of a transcript.

Inasmuch as the appeal is being dismissed, it is unnecessary to consider whether Appellant's point relied on, quoted *supra*, satisfies the "wherein and why" requirement of Rule 84.04(d). *See: Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978).

Appeal dismissed.

PREWITT and PARRISH, JJ., concur.