**PROVIDIAN NATIONAL BANK, Plaintiff–Appellant,**

v.

**Larry R. HOUGE, Defendant– Respondent.**

No. 23826.

Missouri Court of Appeals, Southern District, Division One.

March 13, 2001.

Keith J. Shuttleworth, Cohen McNeile Pappas & Shuttleworth, P.C., Kansas City, for Appellant.

John D. Compton, Springfield, for Respondent.

JOHN E. PARRISH, Presiding Judge.

Providian National Bank (plaintiff) appeals a judgment for Larry R. Houge (defendant) in an action plaintiff brought seeking recovery of funds allegedly paid "by virtue of charges or cash advances incurred . . . on a credit card or line of credit." The appeal is dismissed.

The record before this court is neither complete nor informative. The case that produced this appeal was filed in the Associate Circuit Judge Division of the Circuit Court of Greene County. The petition consists of eight numbered paragraphs. For reasons this court cannot discern, the designation "COUNT II" appears immediately following paragraph number four and immediately before paragraph number five, although only one prayer appears in the petition, at its end following paragraph 8. No prayer is found before the designation "COUNT II." The petition requests damages in the amount of $8,939.72, attorney fees of $1,340.96 and "interest at the

rate of 23.300% per annum from April 10, 1999." Since damages of more than $5,000 were sought, the case was subject to the requirement of § 512.180.2[1] for a record to be kept and, in the event an aggrieved party appealed, that the appeal be had on that record to the appropriate appellate court.

Rule 81.12(a) denotes the contents of a record on appeal:

The record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision. In order to reduce expense and expedite the preparation of the record on appeal, it is divided into two components, i.e. the "legal file" and the "transcript."

The legal file shall be so labeled with a cover page and contain clearly reproduced exact copies of the pleadings and other portions of the trial record previously reduced to written form.

The transcript shall contain the portions of the proceedings and evidence not previously reduced to written form.

. . .

In instances when the questions presented on appeal can be determined without an examination of the entire body of pleadings, evidence and proceedings in the trial court, Rule 81.13 permits the parties to "prepare and sign a statement of the case showing how the questions arose and were decided in the trial court and setting forth only so many of the facts averred and proved or sought to be proved as are essential to a decision of the questions by the appellate court."

The only thing filed in this court that reflects what was before the trial court is a legal file. No transcript was filed. No statement as permitted by Rule 81.13 was filed.

The trial court's docket sheets that are included in the legal file contain an entry dated "3/23/00" as follows:

PLTF. AND DEFT. BY ATTYS. LINDEN & COMPTON. MOTION TO DISMISS HEARD AND OVER-RULED DEFT ORALLY MOVES TO RAISE AFFIRMATIVE DEFENSES OF FAILURE OF CONSIDERATION. COURT PERMITS OVER PLTF'S OB-JECTION. PLTF.SUBMITS CAUSE ON RECORDS FILED. DEFT. PRESENTS NO EVIDENCE. CAUSE SUBMITTED TAKEN UN-DER ADVISEMENT. DC/IA

It is followed by an entry dated "3/30/00":

THE COURT FINDS PLTF. HAS FAILED TO CARRY ITS BURDEN OF PROOF. JUDGMENT ORDERED FOR DEFENDANT AT PLTF'S COSTS. DC/IA

According to the docket sheet, judgment was not entered in the case until July 20, 2000.[2] After reciting the date the case was before the trial court, the appearances of the respective counsel and the ruling on defendant's oral motion "to raise the affirmative defense of failure of consideration," the "Journal Entry of Judgment" states:

Plaintiff then proceeded to trial based upon a business records affidavit pursuant to R.S.Mo. § 490.692, and attachments to that affidavit. Plaintiff also relied upon the affidavit, and documents attached thereto, filed with the Petition. Plaintiff rested its cause based upon the affidavits and the attachments to those affidavits. Defendant presents no evidence.

Having considered the evidence, the Court finds that Plaintiff Providian Na-

---

1. References to statutes are to RSMo 1994.

2. The copy of the "Journal Entry of Judgment" that appears in the legal file reflects the date it was signed as "7/17/2000." No date-file stamp is shown.

tional Bank has failed to carry its burden of proof.

IT IS THEREFORE ORDERED that judgment is rendered in favor of Defendant, Larry R. Houge, and against Plaintiff Providian National Bank. Costs are assessed against Plaintiff.

The trial judge's signature, followed by the handwritten date "7/17/2000," appears at the bottom of the page.

Plaintiff presents one point on appeal. It asserts:

> The trial court erred in holding that plaintiff Providian failed to carry its burden of proof in support of its breach of contract action because plaintiff submitted competent evidence in support of its claim in that plaintiff submitted an uncontested business records affidavit and defendant failed to appear to contest plaintiff's evidence.

■ Plaintiff's argument centers on contents of "business records" and the requirements of the business records affidavit statute, § 490.692. Plaintiff refers to copies in the legal file of an affidavit and business documents and a docket entry dated "2/28/2000" that states, "PATRIC LINDEN FILES BUSINESS RECORDS AFFIDAVIT PURSUANT TO R.S.MO. 490.692. /MP." Plaintiff's brief then states:

> The business records affidavit statute allows a plaintiff to present its case solely by affidavit. "This [statute] provides a practical way to avoid the necessity of a personal appearance by a records custodian. Upon compliance with §§ 490.682 and 490.692, business records may be admitted into evidence without any additional direct testimony." *Tebow v. Director of Revenue*, 921 S.W.2d 110, 113 (Mo.App.1996).

3. § 490.692.2 imposes the further requirement that a party shall not "be permitted to offer such business records" pursuant to § 490.692 unless copies of the records and the appropriate affidavit have been served on the other parties at least seven days before

Plaintiff cites *Helton v. Director of Revenue*, 944 S.W.2d 306, 310 (Mo.App.1997), for the proposition that a litigant may present its case in chief solely through a business affidavit.

■ Plaintiff's assertions concerning the use of business records at trial are correct. However, the record on appeal does not reveal that any evidence was presented to the trial court. As previously noted, there is no transcript of any trial proceedings nor is there an agreed statement of the case. This court has nothing before it other than copies of documents filed in the Circuit Court of Greene County. The fact that § 490.692.1 permits copies of business records to be admitted in evidence "upon the affidavit of the person who would otherwise provide the prerequisites of sections 490 .660 to 490.690" does not demonstrate that copies of business records were admitted in evidence. Without a transcript disclosing the admission of copies of business records or a statement of the case made pursuant to Rule 81.13 that reveals as a fact that copies of business records were in evidence before the trial court, this court has nothing before it that would demonstrate what evidence, if any, was before the trial court.

Section 490.692.1 does not alter the manner in which evidence is presented to a trial court. It affects only the manner of laying a foundation to introduce business records. It permits business records to be admitted in evidence upon the affidavit of an appropriate person. It does not alter the requirement that documentary evidence must be offered and admitted as an exhibit in the course of trial.[3] The record before this court does not reveal that this occurred.

*In re Marriage of Osborne*, 895 S.W.2d 285 (Mo.App.1995), explains:

> trial commences. That was done in this case. What was not shown to have occurred was offering the copies of the business records in question in evidence and getting them admitted in evidence.

The record on appeal must contain all of the record, proceedings, and evidence necessary to the determination of all questions to be presented to the appellate court for decision. Rule 81.12(a); *Flora v. Flora*, 834 S.W.2d 822, 823[2] (Mo.App. E.D.1992). It was Appellant's responsibility to submit such a record. *Nolfo v. Dubin*, 861 S.W.2d 136, 138[2] (Mo.App. E.D.1993); *Flora*, 834 S.W.2d at 823[2].

*Id.* at 288.

■ Nothing in the record on appeal indicates a record of proceedings was made on the day of trial. If one was made, plaintiff was deficient in not filing a transcript of that proceeding. If one was not made, the responsibility for not having caused a record to be made falls on plaintiff as appellant. *Osborne* states:

At the request of either party, the proceedings at the trial level should be recorded, preserved and included in the transcript on appeal where necessary to present a claim of trial error. *Johnston* [*v. Johnston*], 573 S.W.2d [406] at 411[3] [Mo.App.1978]. However, where there is no claim that such a request was made, reversal and remand for a new hearing is unwarranted. Such relief would offend the rule that a party cannot complain of error in which he joined or acquiesced at trial. *Taylor v. Cleveland, C ., C. & St. L. Ry. Co.*, 333 Mo. 650, 63 S.W.2d 69, 74–75[15] (1933), *cert. denied*, 290 U.S. 685, 54 S.Ct. 121, 78 L.Ed. 590 (1933). Furthermore, granting such relief would encourage litigants to tell trial courts that a record is unnecessary, knowing that if the result is adverse, a new hearing can be had because there is no record.

895 S.W.2d at 289.

■ This court is unable to evaluate cases on appeal without a record of what evidence was offered and admitted at trial. *Osborne, supra; see also Washam v.*

*North,* 864 S.W.2d 4, 5 (Mo.App.1993). The appeal is dismissed.

SHRUM and MONTGOMERY, JJ., concur.