

# In the Missouri Court of Appeals
## Eastern District
### DIVISION THREE

| | | |
|---|---|---|
| O'GORMAN & SANDRONI, P.C., | ) | No. ED102312 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County, Missouri |
| vs. | ) | 12SL-AC43390-01 |
| | ) | |
| STEVE DODSON | ) | Honorable Patrick Clifford |
| D/B/A CLAYTON COMPUTER | ) | |
| | ) | |
| Appellant. | ) | Filed: December 22, 2015 |

Steve Dodson appeals from the trial court's judgment for compensatory damages in the amount of $3,962.12 and punitive damages in the amount of $100.00 in favor of O'Gorman and Sandroni, P.C. ("Law Firm") on Law Firm's claim of fraudulent misrepresentation in connection with the sale of a computer system to Law Firm. Dodson raises six points of claimed error: (1) that Dodson was not personally liable because the transaction at issue was between Law Firm and Bios LLC doing business as Clayton Computer; (2) that the evidence did not warrant piercing the corporate veil of Bios LLC to find Dodson personally liable; (3) that the evidence did not support the trial court's finding that Dodson was personally doing business as Clayton Computer; (4) that the evidence did not demonstrate all of the elements necessary to prove fraudulent misrepresentation; (5) that Law Firm failed to prove through admissible evidence that the computer system installed was not the system that Law Firm had ordered; and (6) that there was no basis to award punitive damages. We affirm.

**Standard of Review**

We will affirm the judgment of a court-tried case unless there is no evidence to support it, it is against the weight of the evidence, or the judgment erroneously declares or misapplies the law. *Gibson v. Adams*, 946 S.W.2d 796, 800 (Mo.App.E.D. 1997). On review, we view the evidence in the light most favorable to the judgment, meaning we accept all inferences and evidence favorable to the judgment as true and disregard all contrary inferences. *Id.*; *Gateway Foam Insulators, Inc. v. Jokerst Paving & Contracting, Inc.*, 279 S.W.3d 179, 184 (Mo.banc 2009). We are bound by the trial court's factual findings if such findings are supported by substantial evidence, and we defer to the trial court's ability to judge the credibility of witnesses. *Gibson*, 946 S.W.2d at 800. The court is free to believe or disbelieve all, part, or none of the testimony of any witness. *Skaggs v. Dial*, 861 S.W.2d 188, 191 (Mo.App.W.D. 1993). When no specific findings have been made on a factual issue, we interpret those findings as having been made in accordance with the result reached. *Gibson*, 946 S.W.2d at 800.

Furthermore, in reviewing a court-tried case, our primary concern is the correctness of the trial court's result, not the route taken to reach it. *Smith v. Estate of Harrison*, 829 S.W.2d 70, 73 (Mo.App.E.D. 1992). Therefore, we are obliged to affirm if we determine that the trial court reached the correct result, regardless of whether the trial court's proffered reasons are wrong or insufficient. *Id.*

**Discussion**

*A. Dodson personally sold Law Firm the computer system at issue while doing business as Clayton Computer.*

In points one and two, Dodson argues he should not have been held personally liable because he claims the transaction at issue was between Law Firm and Bios LLC and Dodson was merely a member or manager of Bios LLC. Thus, Dodson asserts, the trial court pierced Bios

2

LLC's corporate veil in order to find him personally liable and the trial court erred in doing so. In his related third point, Dodson argues the trial court erred in finding that the transaction at issue was between Law Firm and Dodson personally doing business as Clayton Computer. Because Dodson's third point is dispositive of his points one, two, and three, we address it first.

Dodson argues[1] that the trial court's finding that the transaction at issue was between Dodson personally doing business as Clayton Computer and Law Firm is against the weight of the evidence because his June 2, 2011, fictitious name registration with the Secretary of State that listed him as the owner of Clayton Computer was a mistake. Nevertheless, we find that there was substantial evidence to support the trial court's finding that Dodson was personally doing business as Clayton Computer when he sold Law Firm the computer system at issue.

A judgment should be set aside as against the weight of the evidence only with caution and only when the reviewing court has a firm belief that the judgment is wrong. *Scheck Indus. Corp. v. Tariton Corp.*, 435 S.W.3d 705, 717 (Mo.App.E.D. 2014). Initially, we observe that by making an against the weight of the evidence argument, Dodson has thereby acknowledged that there is substantial evidence in the record supporting the trial court's judgment. See *id.* His challenge is to the probative value of that evidence. See *id.*

---

[1] This point fails to comply with Rule 84.04 which requires that briefs contain a concise statement of the applicable standard of review for each claim, that all statements of fact must have specific page references to the legal file or the transcript, and that the argument and point relied on must cite to relevant authority supporting claims of error or explain why none is available. See *Osthus v. Countrylane Woods II Homeowners Ass'n*, 389 S.W.3d 712, 716-17 (Mo.App.E.D. 2012) (holding a brief must identify the applicable standard of review relevant to the corresponding subpoint); *Lueker v. Mo. Western State Univ.*, 241 S.W.3d 865, 868 (Mo.App.W.D. 2008) (dismissing point for deficient argument that fails to cite to any authority and explain how the principles of law and the facts of the case interact, or explain why none is available). However, because Dodson's failure to comply with Rule 84.04 does not impede our ability to discern his arguments or impede our disposition on the merits, we review this point *ex gratia*. See, e.g., *Brune v. Johnson Controls*, 457 S.W.3d 372, 376 (Mo.App.E.D. 2015); *Payne v. Markeson*, 414 S.W.3d 530, 545 (Mo.App.W.D. 2013); *In re Marriage of Geske*, 421 S.W.3d 490, 495-96 n.1 (Mo.App.S.D. 2013).

We also note that Dodson's against the weight of the evidence argument has not been properly made. In making such an argument, an appellant is required to: (1) identify the trial court's finding he seeks to challenge as against the weight of the evidence; (2) identify all favorable evidence submitted during trial that would support that finding; (3) identify evidence contrary to the trial court's finding; and (4) explain why, in light of the whole record, the supporting evidence is so lacking in probative value that the trier of fact should have reached a different conclusion. *Sauvain v. Acceptance Indem. Ins. Co.*, 437 S.W.3d 296, 304 (Mo.App.W.D. 2014). Where the appellant fails to follow this framework, the appellant's argument is "'analytically useless and provides no support'" for his or her challenge. *In re McDaniel*, 419 S.W.3d 828, 834 (Mo.App.S.D. 2013) (quoting *Houston v. Crider*, 317 S.W.3d 178, 186-87 (Mo.App.S.D. 2010)).

Dodson argues the trial court's finding was against the weight of the evidence because Dodson repeatedly asserted that Bios LLC owns the Clayton Computer fictitious name registration, not Dodson, and that the June 2011 filing listing Dodson as the owner of the Clayton Computer name was a mistake. Dodson's argument, however, fails to identify any evidence favorable to the trial court's findings, or explain why such evidence lacks any probative value as required.

The parties agree that Bios LLC registered the fictitious name Clayton Computer with the Missouri Secretary of State in 2006. That registration expired in 2011. In June 2011, Dodson filed a renewal of the Clayton Computer name but listed himself as the owner rather than Bios LLC. Dodson testified at trial that he did not intend to change the ownership of Clayton Computer to himself when he filed the 2011 renewal forms. The trial court, however, was

4

entitled to disbelieve such testimony, and we presume that it did so under our standard of review. See *Gibson*, 946 S.W.2d at 800.

Moreover, we find that there was ample evidence to support the trial court's finding that Dodson was personally doing business as Clayton Computer in connection with the sale of the computer system to Law Firm. In all of the email correspondence that Dodson sent to Law Firm, Dodson identified himself as the owner of Clayton Computer and this same correspondence made no reference to Bios LLC. Dodson fails to explain why such evidence, when considered along with the reasonable inferences drawn therefrom, is so lacking in probative value that the trier of fact should have found that he was not conducting business personally under the fictitious business name Clayton Computer.[2] Consequently, the weight of the evidence supports the court's finding that Dodson personally sold the computer system to Law Firm under the fictitious name Clayton Computer.

Accordingly, the trial court did not err in entering judgment against Dodson personally. Because this holding is dispositive of points one and two, we need not address those points. Points one, two, and three are denied.

B. *There was substantial evidence to support the trial court's finding that Dodson was liable for fraudulent misrepresentation in connection with the sale to Law Firm of the computer system at issue.*

---

[2] Dodson's argument is further undermined by the principle that a person may "adopt or assume a fictitious name, different from its true name, and may make and enter into valid and binding contracts under such assumed or fictitious name, even though the same is not registered" with the Secretary of State. *Coca-Cola Bottling Co. v. Groeper*, 691 S.W.2d 395, 397 (Mo.App.E.D. 1985). Thus, the evidence before the court that Dodson identified himself as the owner of Clayton Computer in his correspondence with Law Firm constitutes substantial evidence of that ownership irrespective of the Secretary of State filings.

5

In his fourth and fifth points, Dodson challenges the sufficiency of the evidence to support the trial court's finding of fraudulent misrepresentation. Because these points are interrelated, we address them together for ease of analysis.

Dodson contends that the evidence did not prove all of the elements of fraudulent misrepresentation and that the court erred in considering the hearsay statements of two of Clayton Computer's employees. We first consider whether the hearsay statements of the employees should have been excluded.

Dodson concedes on appeal, and our review of the record confirms, that he did not object[3] to the testimony offered by Law Firm's president, Sean O'Gorman, in which O'Gorman repeated hearsay statements purportedly made by Clayton Computer's employees Travis Miller and A.J. Hearsay testimony that is admitted without objection may be considered as evidence by the trier of fact. *In re C.M.B.R.*, 332 S.W.3d 793, 815 (Mo.banc 2011). Here, because Dodson did not object to the testimony, it was properly admitted as evidence and could be considered by the trier of fact. Dodson's fifth point, therefore, lacks merit and we will review such testimony together with all of the other evidence in the record to determine whether the weight of the evidence proves all of the elements of fraudulent misrepresentation.

---

[3] At oral argument, Dodson's counsel stated that before trial the court stated to the attorneys that the court was familiar with the rules of evidence and instructed them to forgo making objections. There is no evidence in the record to support this claim, and as a result, we cannot consider it. *In re Marriage of Osborne*, 895 S.W.2d 285, 289 (Mo.App.S.D. 1995). It is the appellant's responsibility to make sure that we have an adequate record to review. *Providian Nat'l Bank v. Houge*, 39 S.W.3d 552, 555 (Mo.App.S.D. 2001). At the request of either party, the proceedings at the trial level should be recorded, preserved, and included in the transcript on appeal where necessary to present a claim of trial error. *In re Marriage of Osborne*, 895 S.W.2d at 289 (citing *Johnston v. Johnston*, 573 S.W.2d 406, 411 (Mo.App. 1978)). The making of such a record, if requested, is not a matter for judicial discretion but is necessary for meaningful appellate review. *Johnston*, 573 S.W.2d at 411. Here, it was incumbent on counsel to request the court to make a record of all matters necessary for our review, but counsel cannot now complain of error in which he joined or acquiesced at trial. *In re Marriage of Osborne*, 895 S.W.2d at 289.

In Missouri, a plaintiff must establish by a preponderance of the evidence the following nine elements to prove fraudulent misrepresentation: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of the truth; (5) the speaker's intent that it should be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; 8) his or her right to rely thereon; and 9) the hearer's consequent and proximate injury. *Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 131-32 (Mo.banc 2010); *Meyer v. McGarvie*, 856 S.W.2d 904, 907 (Mo.App.E.D. 1993). Failure to establish any one of these elements will bar recovery. *Renaissance Leasing, LLC*, 322 S.W.3d at 132.

Because fraud is rarely susceptible of positive proof, a plaintiff may prove his or her case by circumstantial evidence. *Bd. of Educ. of St. Louis v. Elam*, 70 S.W.3d 448, 451 (Mo.App.E.D. 2000) (citing *Cabinet Distributors, Inc. v. Redmond*, 965 S.W.2d 309, 312 (Mo.App.E.D. 1998)). A finding of fraud, however, must rest on something more than suspicion, surmise, and speculation. *Elam*, 70 S.W.3d at 451.

We find that the following evidence adduced at trial supports the judgment in this case. In June 2012, Law Firm ordered and paid for the delivery and installation of a computer system from Dodson's business Clayton Computer. Law Firm's original contact at Clayton Computer was Travis Miller. However, before the computer system was installed, Dodson told O'Gorman that Miller had been fired and that an employee named A.J. would install the equipment.

O'Gorman testified that after A.J. installed the server it did not work and that it never worked properly. While trying to get the server to work, O'Gorman contacted Dodson who provided him with a password that also did not work. O'Gorman then contacted Miller, the former employee of Clayton Computer. Miller inspected the computer system and informed

7

O'Gorman that the server did not contain the equipment that O'Gorman originally ordered and paid for.

Miller provided O'Gorman with a handwritten list of the parts he found upon his inspection that did match the original order. Miller stated that the parts installed by A.J. were inferior to those of the original order. Miller's handwritten list was submitted into evidence without objection. Later, A.J. inspected the system and confirmed that the items set forth on Miller's handwritten list matched the components that he installed. Further, A.J. agreed with Miller that the equipment installed would not perform "anywhere near" what was originally ordered.

O'Gorman testified, without objection, that A.J. said that Dodson knew what components had been installed, and that Dodson, in fact, gave A.J. the components and instructed him to install them despite knowing that they were not what Law Firm had ordered. O'Gorman testified that he relied on statements made by Dodson prior to purchasing the equipment and that A.J. confirmed that Dodson knew he was sending Law Firm the wrong equipment, but Dodson instructed A.J. to install it anyway.

We hold, therefore, that the evidence establishes that Dodson personally contacted O'Gorman before the equipment was installed, that Dodson personally made false and material representations to O'Gorman concerning the equipment that was later installed, and that Dodson expressly directed his employee A.J. to install equipment inferior to that which O'Gorman ordered, paid for, and expected would be delivered. Because Dodson fails to explain why such evidence lacks any probative value, he fails to instill in this Court a firm belief that the trial court's determination was wrong.

8

Moreover, since the trial court correctly found that Dodson was doing business as Clayton Computer, Dodson is liable for any representations by employees of Clayton Computer under the doctrine of *respondeat superior*. An employer can be liable for the fraudulent misrepresentations of an agent under the theory *respondeat superior*, if the plaintiff can show that the agent or employee knowingly made a false representation while acting in the course and scope of the employment or agency. *Li v. Metropolitan Life Ins. Co.*, 998 S.W.2d 828, 829 (Mo.App.E.D. 1999). Normally, however, to be considered on appeal, the plaintiff must plead, try, and submit his or her claim of fraud under the theory of *respondeat superior* to the trial court. See *Zobel v. General Motors Corp.*, 702 S.W.2d 105, 106 (Mo.App.E.D. 1985).

In the instant case, Law Firm did not plead fraudulent misrepresentation under the theory of *respondeat superior* at the trial level. Rather, Law Firm generally pled that Dodson "caused to be delivered computer equipment that was represented to be the equipment as ordered." Rule 55.33(b), however, allows that pleadings may conform to the evidence presented at trial when issues not raised in the pleadings are tried by the express or implied consent of the parties.

At trial, Law Firm introduced testimony and evidence that Clayton Computer's employee A.J. was acting within the scope of his employment when he accepted Dodson's directive to install the wrong equipment. Therefore, because Dodson failed to object to such evidence, we hold that Dodson consented to trying the issue of fraudulent misrepresentation under the theory of *respondeat superior*. See *Heritage Roofing, LLC v. Fischer*, 164 S.W.3d 128, 133 (Mo.App.E.D. 2005). Consequently, we find the above referenced testimony and conduct of A.J. binding on Dodson since A.J. was acting within the scope of his employment and under the express direction of Dodson.

9

Accordingly, the trial court did not err in finding Law Firm proved all of the elements of fraudulent misrepresentation and in considering O'Gorman's hearsay testimony in reaching this determination. Points four and five are denied.

### C. The trial court did not abuse its discretion in awarding punitive damages.

In his sixth point, Dodson contends the court erred in awarding Law Firm punitive damages because there was no evidence that his conduct "was outrageous because of an evil motive or reckless indifference" to Law Firm's rights.

On a claim for punitive damages, a plaintiff is required to prove that the defendant's conduct was outrageous due to defendant's evil motive or reckless indifference to the rights of others. *Walsh v. Al W. Chrysler, Inc.*, 211 S.W.3d 673, 676 (Mo.App.S.D. 2007). Whether punitive damages should be awarded is a matter for the discretion of the trial court and our review is limited to whether that discretion was abused. *Blanks v. Fluor Corp.*, 450 S.W.3d 308, 412 (Mo.App.E.D. 2014). The trial court will be said to have abused its discretion in awarding punitive damages when, inter alia, the award "reveals improper motives or a clear absence of the honest exercise of judgment." *Id.*

Here, the trial court found Dodson's conduct in delivering computer equipment inferior to that which Law Firm ordered and paid for was outrageous and demonstrated Dodson's evil motive and reckless indifference to the rights of Law Firm. On the evidence outlined above, the trial court reasonably concluded that Dodson's conduct was done with reckless indifference to the rights of Law Firm, motivated solely by a desire to make a sale using inferior parts that did not match the order. See *Cohen v. Express Fin. Servs., Inc.*, 145 S.W.3d 857, 866-67 (Mo.App.E.D. 2004); *Carpenter v. Chrysler Corp.*, 853 S.W.2d 346, 364 (Mo.App.E.D. 1993).

10

Accordingly, the trial court did not abuse its discretion in awarding Law Firm punitive damages.

Point denied.

## Conclusion

Based on the foregoing reasons, we affirm the trial court's judgment.

_____
James M. Dowd, Judge

Robert M. Clayton III, P.J., and
Lawrence E. Mooney, J. concur