

# Missouri Court of Appeals
## Southern District

### In Division

MARK EDWARD HOOD,                )
                                 )
    Petitioner-Appellant,     )
                                 )
v.                               )    No. SD38450
                                 )
DIRECTOR OF REVENUE,             )    **Filed:  December 17, 2024**
STATE OF MISSOURI,               )
                                 )
    Respondent-Respondent.    )

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Jody L. Stockard

**AFFIRMED**

This appeal involves a challenge to the circuit court's judgment that upheld the Director of Revenue's administrative revocation of Appellant Mark Hood's ("Driver") driving privileges (*see* section 302.574.3, RSMo Cum. Supp. 2019).  The administrative revocation was issued because Driver refused to submit to a chemical test of his breath after he was arrested for driving while intoxicated ("DWI").  Driver does not dispute that he was intoxicated; his sole point on appeal claims the judgment must be reversed because the circuit court's finding that Driver had been operating the vehicle was against the weight of the evidence.  Because Driver's argument does not employ the mandatory analytical framework necessary to present an against-the-weight-of-the-evidence challenge, his

1

argument has no analytical value, and we affirm the presumed-correct judgment of the circuit court.

**Standard of Review**

We presume that the judgment of the circuit court is correct, and the appellant has the burden of proving that reversible error occurred. *Hilkemeyer v. Dir. of Revenue*, 353 S.W.3d 62, 63 (Mo. App. S.D. 2011). "[A] claim that the judgment is against the weight of the evidence presupposes that there is sufficient evidence to support the judgment." *Wilson v. Trusley*, 624 S.W.3d 385, 401 (Mo. App. W.D. 2021) (quoting *Ivie v. Smith*, 439 S.W.3d 189, 205 (Mo. banc 2014)) (alteration in original). "In other words, 'weight of the evidence' denotes an appellate test of how much persuasive value evidence has, not just whether sufficient evidence exists that tends to prove a necessary fact." *Id.* (quoting *Ivie*, 439 S.W.3d at 206).

> [A]n against-the-weight-of-the-evidence challenge requires completion of four sequential steps:
>
> (1) identify a challenged factual proposition, the existence of which is necessary to sustain the judgment;
>
> (2) identify all of the favorable evidence in the record supporting the existence of that proposition;
>
> (3) identify the evidence in the record contrary to the belief of that proposition, resolving all conflicts in testimony in accordance with the trial court's credibility determinations, whether explicit or implicit; and,
>
> (4) demonstrate why the favorable evidence, along with the reasonable inferences drawn from that evidence, is so lacking in probative value, when considered in the context of the totality of the evidence, that it fails to induce belief in that proposition.

*Houston v. Crider*, 317 S.W.3d 178, 187 (Mo. App. S.D. 2010).

Adherence to the four-step analytical framework is mandatory. ***Ebert v. Ebert***, 627 S.W.3d 571, 580 (Mo. App. E.D. 2021).

## Factual Background

"We view the evidence and the reasonable inferences drawn from the evidence in the light most favorable to the judgment, disregard all evidence and inferences contrary to the judgment, and defer to the trial court's superior position to make credibility determinations." ***Houston***, 317 S.W.3d at 186. Viewed in that light, the facts are as follows.

An officer of the Springfield Police Department ("Officer 1") responded to a 9-1-1 call that reported a vehicle had hit the median. Officer 1 located the vehicle at issue and found Driver sitting in the driver's seat with the engine still running and the hazard lights flashing. When Officer 1 asked Driver to exit the vehicle, Driver complied, but he stumbled while doing so. Driver's speech was slurred, and his responses to commands were delayed.

A second officer from the Springfield Police Department ("Officer 2") arrived on the scene and discovered that Driver's vehicle had two shredded tires. Officer 2 also observed that Driver had difficulty maintaining his balance, compensating for it by leaning against the vehicle. Officer 2 further noticed that Driver's eyes were staring, glassy, and bloodshot. Neither officer reported seeing anyone other than Driver inside the vehicle.

When Driver was asked to take a portable breath test, he refused. Driver was then arrested for DWI, and Officer 2 "could smell the odor of intoxicants coming from" Driver when he handcuffed Driver.

**Analysis**

The argument section of Driver's brief fails to follow the mandatory four-step analytical framework for presenting an against-the-weight-of-the-evidence claim. Although Driver never references the four-step framework in his brief, we can easily discern that the factual proposition challenged by his point is whether Driver was operating the vehicle. The fatal flaw in Driver's argument is that he fails to identify all of the evidence in the record that is favorable to the factual proposition that Driver was operating the vehicle – the second step required by ***Houston***.

The only evidence Driver identified as supporting the proposition that Driver was operating the vehicle is that he was in the front seat of the vehicle and the vehicle's hazard lights were on. Driver fails to identify the evidence that the engine was running when Officer 1 arrived, that no one else was in the vehicle, and two of the vehicle's tires were shredded. That omitted evidence supports a reasonable inference that Driver was operating the vehicle that hit the median, and it should have been included in Driver's brief.

Fourteen years have passed since ***Houston*** was published in 2010, and "we have repeatedly reminded appellants that weight-of-the-evidence challenges must adhere to the mandatory analytical framework as set forth in the caselaw." ***Ebert***, 627 S.W.3d at 580. "Where the appellant fails to follow this framework, the appellant's argument is 'analytically useless and provides no support' for his or her challenge." ***O'Gorman & Sandroni, P.C. v. Dodson***, 478 S.W.3d 539, 544 (Mo. App. E.D. 2015) (quoting ***In re Marriage of McDaniel***, 419 S.W.3d 828, 833 (Mo. App. S.D. 2013)).

Because Driver's argument provides no support for his claim that the judgment was against the weight of the evidence, we affirm the presumed-correct judgment of the circuit court.[1]

DON E. BURRELL, J. – OPINION AUTHOR

MARY W. SHEFFIELD, J. – CONCURS

BECKY J. WEST, J. – CONCURS

---

[1] Driver's brief is replete with other deficiencies that would support dismissing his appeal, but because the failure to follow the analysis required by **Houston** is dispositive, we see no need to "pile on" by addressing those deficiencies.