

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| DEONDA L. POKE, | ) | No. ED101902 |
| | ) | |
| Petitioner, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Elizabeth B. Hogan |
| ALBERT MATHIS, | ) | |
| | ) | Filed: April 14, 2015 |
| Respondent, | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| STATE OF MISSOURI, DEPARTMENT | ) | |
| OF SOCIAL SERVICES, FAMILY | ) | |
| SUPPORT DIVISION, | ) | |
| | ) | |
| Third-Party Respondent/Appellant. | ) | |

### INTRODUCTION

The Family Support Division of the Missouri Department of Social Services (the "Division") appeals the trial court's judgment abating a portion of the child support obligation owed by Albert Mathis ("Father"). On appeal, the Division argues the trial court erred in abating Father's child support obligation, because he failed "to plead or prove" the necessary statutory elements to justify the abatement. Because the record on appeal does not contain a transcript of the hearing, the matter is not preserved for review by this Court, and we dismiss.

FACTUAL AND PROCEDURAL BACKGROUND

Father filed in circuit court a motion for abatement of child support, in which he sought relief from child support arrears totaling $38,236.06. In his pleadings, Father claimed, inter alia, that he was incarcerated when his child support arrearage accrued, he has been unable to obtain steady employment since his release from incarceration, he has been independently employed for the majority of time since his release, and he has no other sources of income. The Division moved to dismiss Father's motion for failure to state a claim upon which relief could be granted.

The court held a hearing on the parties' competing motions and subsequently entered judgment granting Father partial relief, abating $25,000 of Father's $38,236.06 arrearage. In its judgment, the court stated that it granted Father an abatement after "having considered arguments of counsel, making credibility and equitable considerations [sic] as well as considering all applicable statutes and case law." The Division timely filed a motion to reconsider or a motion for new trial, which was denied after a hearing by operation of Rule 78.06.[1] The Division now appeals.[2]

STANDARD OF REVIEW

We review a trial court's judgment on a motion for abatement of child support under the standard of review applicable to any other court-tried case. Peine v. Peine, 200 S.W.3d 567, 571 (Mo. App. W.D. 2006). We will affirm the judgment of the trial court if it is supported by substantial evidence, it is not against the weight of the evidence, and it does not erroneously declare or apply the law. Id.

---

[1] Ninety days passed, and the circuit court did not rule on Division's motion for new trial. If a motion for new trial is not ruled on within ninety days of the motion's filing, it is overruled by operation of Rule 78.06.

[2] The cause is submitted to this court solely on Division's brief. Although a respondent is not required to file a brief, the absence of a responsive brief leaves us without the benefit of respondent's argument, if any, in support of the court's judgment. Green v. Dir. of Revenue, 148 S.W.3d 892, 893 (Mo. App. S.D. 2004).

DISCUSSION

In its sole point on appeal, the Division argues that the trial court erred by entering its judgment abating Father's child support obligation, because Father "failed to plead or prove the elements of abatement . . . ." Specifically, the Division argues "the record contains no evidence that the custodial parent either voluntarily relinquished custody of the minor children to him or failed to provide court-ordered visitation or custody without good cause," as is required by section 452.340, R.S.Mo. (2000), to justify abatement of child support.[3] Because the Division's argument challenges the sufficiency of evidence, of which there is no record, we cannot review this claim of trial error. We therefore dismiss the appeal.

The Division asserts that in the evidentiary hearing, Father failed to "prove" the statutory elements required for abatement. Consequently, "the record in this case lacks any evidence supporting the Circuit Court's decision to grant Father's request for abatement of his child support arrears." The Division's argument regarding insufficiency of the evidence requires this Court to review the record for evidence, if any, supporting Father's claim for abatement. Therefore, a transcript of the evidentiary hearing is indispensable to our review. However, the Division did not file a transcript with the record on appeal.

The record on appeal must contain all of the record, proceedings, and evidence necessary for this Court to determine the questions presented for our decision. Rule 81.12(a); Section 512.110, R.S.Mo. (2000); In re Marriage of Osborne, 895 S.W.2d 285, 288 (Mo. App. S.D. 1995). Recitals in an appellant's brief that are unsupported by the record on appeal are

---

[3] Section 452.340, subsections 2 and 7, expressly allow the abatement of child support "for such periods of time in excess of thirty consecutive days that the other parent has voluntarily relinquished physical custody of a child to the parent ordered to pay child support," or if a court "finds that a parent has, without good cause, failed to provide visitation or physical and legal or physical or legal custody to the other parent pursuant to the terms . . ." of a court order.

insufficient to supply this Court with the record of trial court proceedings necessary for our review. <u>Yung v. Yung</u>, 775 S.W.2d 343, 344 (Mo. App. E.D. 1989).

Here, the Division concedes that the trial court held an evidentiary hearing on Father's motion for abatement. The trial court's order and final judgment both indicate that a hearing took place, and at this hearing, evidence was submitted prior to the court entering final judgment. The record, however, is silent as to what, if any, evidence was offered during that hearing. Absent any transcript or other evidence of the hearing, the record is not preserved, and there is nothing for this Court to decide. <u>See</u> <u>id.</u>[4]

The Division argues that it was the trial court that failed to create a record of the proceedings. Unless there is a statutory mandate requiring that a hearing be held on the record, it is the appellant's responsibility, not the court's, to ensure that a transcript is made in order to preserve the record. <u>See</u> <u>Butler v. Mo. Criminal Records Repository</u>, 241 S.W.3d 429, 430 (Mo. App. E.D. 2007); <u>Vogel v. Dir. of Revenue</u>, 804 S.W.2d 432, 434 (Mo. App. S.D. 1991). "The responsibility to provide a meaningful transcript for review devolves upon appellant and the court of appeals cannot consider matters not preserved on the record and contained in an approved transcript." <u>Volvo Fin. N. Am., Inc. v. Raja</u>, 754 S.W.2d 955, 957 (Mo. App. W.D. 1988).

> At the request of either party, the proceedings at the trial level should be recorded, preserved and included in the transcript on appeal where necessary to present a claim of trial error. However, where there is no claim that such a request was made, reversal and remand for a new hearing is unwarranted. Such relief would offend the rule that a party cannot complain of error in which he joined or acquiesced at trial.

<u>Osborne</u>, 895 S.W.2d at 289.

---

[4] Moreover, failure to provide this Court with a transcript results in the presumption that such evidence was favorable to the trial court's ruling and unfavorable to the appellant. <u>Saturn of Tiffany Springs v. McDaris</u>, 331 S.W.3d 704, 712 (Mo. App. W.D. 2011); <u>Wilkerson v. Prelutsky</u>, 943 S.W.2d 643, 649 (Mo. banc 1997).

Here, the Division does not claim that a record of the trial court proceedings was required by statute, nor does it claim that it attempted to preserve the record by requesting that the proceedings be recorded. It was incumbent upon the Division, as the appellant, to ensure that the proceedings at the trial level were recorded, yet it failed to do so. Accordingly, the Division's point has not been preserved for our review.

## CONCLUSION

Appeal dismissed.

Lisa S. Van Amburg, Judge

Lawrence E. Mooney, P. J. and
Clifford H. Ahrens, J. concur.