

# Missouri Court of Appeals
## Southern District
### Division Two

| | | |
|---|---|---|
| In re the adoption of L.L.F.M, | ) | |
| | ) | |
| J.T.B., and C.C.B., | ) | |
| | ) | |
| Respondents, | ) | No. SD36842 |
| | ) | |
| vs. | ) | FILED: February 10, 2021 |
| | ) | |
| R.M., | ) | |
| | ) | |
| Appellant. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF DENT COUNTY

Honorable Megan K. Seay, Judge

**AFFIRMED**

R.M. ("Appellant") appeals the trial court's judgment granting J.T.B.'s and C.C.B.'s petition to adopt the minor child, L.L.F.M ("Child"). Appellant raises three points on appeal directed toward the trial court's denial of his Motion for Leave to Intervene ("motion to intervene") in the underlying adoption proceeding.[1] While his first and second points contend, respectively, that Appellant's intervention should have been granted as a matter of right, under Rule 52.12(a), or permissively, under Rule 52.12(b),[2] his third point concedes that appellate

---

[1] The motion to intervene was filed on behalf of and sought the intervention of two individuals—Appellant and A.M. Only Appellant, however, filed a notice of appeal contesting the denial of the motion to intervene.

[2] Rule references are to Missouri Court Rules (2020), unless otherwise indicated. Statutory references are to RSMo 2016, unless otherwise indicated.

1

review of his first two points is not possible because the record on appeal does not include any evidence presented to the trial court for its consideration in ruling on the motion to intervene. Because his third point fails to demonstrate any trial court error in the absence of such evidence in the record on appeal, we deny all of Appellant's points and affirm the judgment.

**Factual and Procedural Background**

On April 23, 2020, Appellant filed his motion to intervene in the underlying adoption proceeding. The motion to intervene contained only unverified allegations that Appellant is Child's cousin and that it was in Child's best interest that Appellant be permitted to intervene and participate in the case as a third party.

There is no record of any trial court ruling on the motion to intervene before September 25, 2020, the date the trial court entered its judgment granting the adoption. In a docket entry on that date, the trial court stated that Appellant's "motion to intervene was previously denied on Aug. 6, 2020. It was denied on the record, however the Court failed to include it in the Court's docket entry on that date."

Appellant timely appealed the adoption judgment. Following the filing of his notice of appeal, Appellant requested that the trial court provide transcripts of court proceedings, including the proceedings held on August 6, 2020. Thereafter, the trial court entered an order, which provided:

> NOW ON THIS 8th day of October, 2020, the Court memorializes an oral ruling of this Court entered off the record on August 6, 2020. The Court neglected to memorialize it in writing on that date in error.
>
> ON THE 6th day of August, 2020, the Court heard argument off the record on Proposed Intervenors'… Motion to Intervene. The Court after hearing argument denied the … Motion to Intervene.
>
> ON THE 25th day of September, 2020, the Court realized it had not memorialized in writing It's [sic] ruling from August 6th, 2020, and therefore the Court included the ruling on It's [sic] docket entry. Further, the Court confirmed with

2

the [Proposed Intervenors'] counsel, Carrie Gerischer,[3] in open court, but off the record, that she did in fact recall the Court making an oral ruling denying the … intervention on August 6th, 2020.

There is no recording of any argument or ruling as it relates to the Motion to Intervene. The Court Reporter for Division I of the 42nd Judicial Circuit, Teresa Booker, has verified that there is no recording where the … Motion to Intervene was argued or ruled upon.

IT IS ORDERED, ADJUDGED AND DECREED that [Proposed Intervenors'] Motion to Intervene was denied on August 5th [sic], 2020.

### Standard of Review

In reviewing a trial court's denial of a motion to intervene as a matter of right under Rule 52.12(a), we will affirm the denial "unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *State ex rel. Nixon v. American Tobacco Co., Inc.*, 34 S.W.3d 122, 126 (Mo. banc 2000). In reviewing a trial court's denial of a motion for permissive intervention under Rule 52.12(b), we review the trial court's denial for an abuse of discretion. *Id.* at 131. Such judicial discretion is abused when the trial court's ruling is "clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration…." *Id.*

### Discussion

We begin our discussion with Appellant's third point, the resolution of which is dispositive of this appeal. In that point, Appellant contends:

The Trial Court erred in denying Appellant's Motion to Intervene, because Appellant was denied meaningful appellate review of material issues in dispute on appeal, in that an appealing party is entitled to a full and complete transcript for the appellate court's review, and that the appropriate remedy when the record on

---

[3] Appellant is now represented by different counsel in this appeal.

3

appeal is inadequate through no fault of the parties is to reverse and remand the case to the trial court.[4]

We disagree.

Appellant correctly observes in his argument under this point that "[t]he record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented … to the appellate court for decision." Rule 81.12; *accord* section 512.110. "'An appellant is responsible for filing transcripts of the evidence and for preparing a legal file so that the record on appeal contains all of the evidence necessary for determination of questions presented to the appellate court for determination.'" *Acton v. Rahn*, 611 S.W.3d 897, 904 (Mo.App. 2020) (quoting *Home of Hope v. McDonald (In re McDonald Revocable Trust)*, 942 S.W.2d 926, 932 (Mo. App. 1997)).

The record on appeal submitted by Appellant here is devoid of any evidence in support of his motion to intervene. Appellant's factual allegations purporting to support his motion to intervene, whether in that motion, *supra*, or his appellate brief, are not self-proving. *See Regions Bank v. Alverne Associates, LLC*, 456 S.W.3d 52, 57 (Mo.App. 2014) ("A motion is not self-proving, and the movant has the burden of proving the allegations contained therein."); *Poke v. Mathis*, 461 S.W.3d 40, 42 (Mo.App. 2015) ("Recitals in an appellant's brief that are unsupported by the record on appeal are[] insufficient to supply this Court with the record of trial court proceedings necessary for our review."). Because his motion to intervene was not verified or supported by affidavit, Appellant's only remaining vehicle for producing evidentiary support

---

[4] Although the point states that "[t]he trial court erred in denying Appellant's Motion to Intervene," the challenged ruling or action, as clarified by Appellant's argument, is the failure *to make a record* of the proceedings on August 6, 2020. *See* Rule 84.04(d)(1)(A). Additionally, the point's assertion that Appellant was "entitled to a full and complete transcript" without any further explanation as to the legal and factual reasons why this is so, *see* Rule 84.04(d)(1)(B)-(C), renders this an abstract statement preserving nothing for appellate review. *See* Rule 84.04(d)(4); *Landwehr v. Landwehr*, 129 S.W.3d 395, 398 (Mo.App. 2004). Because we can discern Appellant's argument despite these rule violations, however, we exercise our discretion to review this point *ex gratia*.

for his motion was through an evidentiary hearing in the trial court. Rule 55.28; *Mack v. Mack*, 349 S.W.3d 475, 477-78 (Mo.App. 2011).

Nothing in the record on appeal, however, indicates that Appellant requested the trial court to hold an evidentiary hearing on his motion to intervene or that the trial court otherwise held such a hearing. To the contrary, the trial court's October 8, 2020, order states that on August 6, 2020, the trial court only "heard *argument* off the record" and "after hearing *argument* denied…" the motion to intervene. (Emphasis added.) Logically, a trial court cannot fail to make a record of an evidentiary hearing that was neither requested by Appellant nor held by the trial court in the first instance. Appellant offers no explanation or authority otherwise.

Moreover, assuming *arguendo* the trial court held an evidentiary hearing on the motion to intervene, "[u]nless there is a statutory mandate requiring that a hearing be held on the record, *it is the appellant's responsibility*, not the court's, to ensure that a transcript is made in order to preserve the record." *Poke*, 461 S.W.3d at 43 (emphasis added). Absent a request to preserve the record, "reversal and remand for a new hearing is unwarranted" as it "would offend the rule that a party cannot complain of error in which he joined or acquiesced at trial" and "encourage litigants to tell trial courts that a record is unnecessary, knowing that if the result is adverse, a new hearing can be had because there is no record." *In re Marriage of Osborne*, 895 S.W.2d 285, 289 (Mo.App. 1995).

Appellant does not claim, as would be necessary to demonstrate *trial court error* in failing to preserve a record, that he requested an evidentiary hearing on his motion to intervene, that such a hearing was held by the trial court, and that a record of that hearing was either required by statute or requested by Appellant at the time of the hearing. *See Poke*, 461 S.W.3d at 43. Appellant's third point is denied.

"[T]he trial court's decision in a court-tried case is presumed correct, and the appellant has the burden of showing error." ***McAllister v. McAllister***, 101 S.W.3d 287, 291 (Mo.App. 2003).  Appellant concedes that the record of the trial court proceedings on August 6, 2020, which resulted in the denial of his motion to intervene, is insufficient for this Court to determine, under our standard of review, *supra*, whether that denial was erroneous.  Appellant, therefore, has failed to carry his burden of showing error in his first and second points and they accordingly are denied.

### Decision

The trial court's judgment is affirmed.

GARY W. LYNCH, J. – OPINION AUTHOR

JEFFREY W. BATES, C.J./P.J. – CONCURS

DON E. BURRELL, J. – CONCURS