

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| DELPHI MANAGEMENT SOLUTIONS, INC., | ) | No. ED112718 |
| | ) | |
| Plaintiff/Respondent, | ) | Appeal from the Circuit Court of |
| | ) | St. Charles County |
| vs. | ) | Cause No. 2211-CC00557 |
| | ) | |
| CARL BEARDEN, ET AL., | ) | |
| | ) | |
| Defendants, | ) | Honorable Brittney R. Smith |
| | ) | |
| AJO MO, LLC and HI-RISE, LLC, | ) | |
| | ) | Filed: May 27, 2025 |
| Proposed Intervenors/Appellants. | ) | |

### Introduction

The underlying matter involves complex substantive issues relating to the ownership, management, and funding of several licensed marijuana dispensaries in Missouri. Specifically, this appeal stems from a consent judgment entered into by plaintiff Delphi Management Solutions, Inc. ("Delphi") and defendants Heya Retail, LLC ("Heya Retail"), Heya St. Charles Retail II, LLC, Heya Kirksville Retail, LLC, Heya Eldon Retail, LLC, and Heya Park Hills Retail, LLC (the "Heya Dispensaries," and collectively with Heya Retail, "Heya Respondents"). The consent judgment memorialized the settlement and resolution of the claims by and between Delphi and Heya Respondents which concerned a series of amended and restated operating agreements ("OAs") related to the Heya Dispensaries.

Appellants AJO MO, LLC and Hi-Rise, LLC are third-party defendants who opposed the consent judgment and filed a motion to intervene claiming they have an interest which would be affected by the consent judgment because they have an option to purchase Heya Dispensaries. The trial court denied Appellants' motion to intervene. Thereafter, the trial court entered the consent judgment. Appellants assert six points on appeal arguing the trial court erred in entering the consent judgment over their opposition (Points I–III) and denying their motion to intervene (Points IV–VI).

This Court holds Appellants do not have standing to appeal the consent judgment as they were not parties to the claims disposed of in the consent judgment nor are they an aggrieved party. Thus, we deny Points I–III, and dismiss the appeal in part as to the consent judgment. Further, because we hold Appellants are not able to appeal the consent judgment, Points IV–VI are denied.

Accordingly, we dismiss in part, and affirm in part.

**Factual and Procedural Background**

In 2018, article XIV of the Missouri Constitution was adopted, which authorized the creation and regulation of medical marijuana in Missouri. *State ex rel. Dep't of Health & Senior Servs. v. Slusher*, 638 S.W.3d 496, 498 (Mo. banc 2022). Article XIV directs the Missouri Department of Health and Senior Services to administer the state's medical marijuana program, including granting or denying "state licenses … for the cultivation, manufacture, dispensing, sale, testing, tracking, and transportation of marijuana for medical use as provided by law." *Id.* (quoting Mo. Const. art. XIV, sec. 1.3(1)(a)). The adoption of article XIV led to the ownership and operation of several licensed marijuana dispensaries throughout Missouri.

Heya Retail was created to be a member of certain licensed dispensaries, including the Heya Dispensaries. Heya Retail is a 60% owner of the Heya Dispensaries. Delphi, a management

2

company, owns the remaining 40%. In November of 2020, Delphi and Heya Retail entered into a series of OAs for the Heya Dispensaries. Contemporaneously with the adoption of the amended OAs, Delphi and Heya Respondents also executed separate, but substantively identical, management services agreements for the Heya Dispensaries.

A dispute arose between Delphi and Heya Respondents. While the dispute was ongoing, Delphi entered into an agreement with Appellants. Delphi granted Appellants an option to purchase, amongst other things, 95% of its interests in the Heya Dispensaries. Appellants have not exercised their option to purchase.

The issues between Delphi and Heya Respondents continued, which led to Delphi filing the underlying lawsuit against Heya Respondents and other individuals. Subsequently, on January 30, 2023, Delphi filed an amended petition asserting the following claims: declaratory judgment, breach of operating agreements, breach of management agreements, quantum meruit, and breach of fiduciary duty. On March 1, 2023, Heya Respondents filed their answer to the amended petition as well as counterclaims against Delphi. Count I of their counterclaims was for declaratory judgment related to the respective rights and obligations of Delphi and Heya Respondents under the OAs.

On March 28, 2023, Triad Bank, who was holding funds of various entities named in the underlying suit, filed a petition to join and interplead funds held by Triad Bank ("interpleader petition"). The interpleader petition named Appellants as third-party defendants. In response to the interpleader petition, Heya Respondents filed crossclaims against Appellants. Triad Bank was joined to the action as a third-party defendant pursuant to Rule 52.07.[1] Appellants were joined as third-party defendants in the interpleader action by way of their general appearance.

---

[1] All references are to Missouri Supreme Court Rules (2022).

On December 4, 2023, Delphi filed a consent to the entry of a judgment between itself and Heya Respondents. Appellants filed a motion to intervene seeking to be added as an intervenor and/or third-party defendant to the counterclaims of Heya Respondents against Delphi. On May 3, 2024, the trial court denied the motion to intervene and, subsequently, entered the consent judgment on May 6, 2024. The consent judgment disposed of the claims between Delphi and Heya Respondents. On May 22, 2024, the trial court entered a "certification of final judgment" determining the order denying Appellants' motion to intervene and the consent judgment "represent a final judgment(s) for purposes of appeal" and there was "no just reason for delay."

This appeal follows.

## Jurisdiction

Before reaching the merits, this Court has a duty to determine *sua sponte* whether it has jurisdiction to review the appeal. *See Energy Mkt. 709, LLC v. City of Chesterfield*, 614 S.W.3d 643, 647 (Mo. App. E.D. 2020). "If we lack jurisdiction to hear an appeal, it must be dismissed." *Id.*

After Appellants filed their notice of appeal, this Court entered an order directing Appellants to show cause why their appeal should not be dismissed for lack of a final, appealable judgment. Specifically, this Court directed the parties to address whether a proposed intervenor may appeal from the denial of a motion to intervene that has been certified for appeal pursuant to Rule 74.0l(b). The parties filed their respective responses. Appellants argued they have a right to appeal the consent judgment as an aggrieved party because the judgment affected their interests under their option to purchase agreement with Delphi. Appellants, however, failed to address whether the certification of the denial of their motion to intervene was proper. Conversely, Delphi argued there is no final, appealable judgment from which Appellants may appeal for two reasons:

(1) a consent judgment is not an appealable judgment, and (2) the Rule 74.01(b) certification was improper because the consent judgment did not resolve a distinct judicial unit of claims. Heya Respondents similarly argued consent judgments are generally not appealable and Appellants may not appeal this consent judgment because Appellants were not a party to the judgment, and none of the claims involving Appellants were resolved therein. This Court took the issue of whether Appellants have appealed from a final, appealable judgment with the case.

*A. Entry of Consent Judgment*

Points I –III take issue with the trial court's entry of the consent judgment over Appellants' opposition. This Court must decide whether Appellants have authority to appeal the consent judgment.

"A judgment entered by consent of the parties cannot be appealed, for it is not a judicial determination of rights, but a recital of an agreement." *Chatman v. Chatman*, 673 S.W.3d 528, 530 (Mo. App. E.D. 2023). Consent judgments are conclusive of matters adjudicated and are not subject to collateral attack except upon jurisdictional grounds. *Puetz-Anderson v. Puetz*, 629 S.W.3d 95, 97 (Mo. App. E.D. 2021). "Generally, where parties consent to a judgment, such judgment is not appealable because the party is not 'aggrieved.'" *City of Cape Girardeau v. Elmwood Farms, L.P.*, 575 S.W.3d 280, 283 (Mo. App. E.D. 2019). "To bring an appeal, an appellant must have been a party to the suit and aggrieved by the judgment of the trial court." *Charnisky v. Chrismer*, 185 S.W.3d 699, 702 (Mo. App. E.D. 2006). "A party is 'aggrieved' when the judgment operates prejudicially and directly on his or her personal or property rights or interests and that effect is immediate and not merely a possible remote consequence." *Id*. "[A] true consent judgment that resolves all the issues by agreement is not appealable, and would not confer a right to appeal upon any party." *City of Cape Girardeau*, 575 S.W.3d at 283.

5

To address the jurisdictional question presented, it is essential to understand the agreements entered into by the parties. The underlying suit is comprised of multiple parties and stems from a dispute relating to ownership, management, and business dealings between Delphi and Heya Respondents. Two agreements are relevant to this appeal. The first agreement concerns the OAs between Delphi and the Heya Dispensaries, which include a right of first refusal. The second agreement is an option to purchase between Delphi and Appellants. Each of these legal agreements serve different functions and purposes, which are discussed below. In the case at bar, the consent judgment disposed of the issues related to the OAs.

"An appellant may not challenge portions of a judgment that resolve issues solely between other parties and do not resolve the claims made by that appellant." *Charnisky*, 185 S.W.3d at 702. Here, the consent judgment disposed of the *claims* between Delphi and Heya Respondents, which related to the OAs, and did not include any claims in which Appellants were named as parties. Further, Appellants were not parties to the underlying *contract or OAs* between Delphi and Heya Respondents. The consent judgment did not pertain in any way to Appellants or their option to purchase. In fact, the consent judgment expressly provided: "[t]his Judgment does not concern or otherwise rule on the other interest set forth in the Option to Purchase Agreement date May 12, 2022, by and between [Delphi], Hi-Rise, LLC, and AJO MO, LLC and the validity thereof[.]" The only effect of the consent judgment was to resolve the issues between Delphi and Heya Respondents, and therefore it is not subject to appeal by any party, including Appellants. *See Puetz*, 629 S.W.3d at 97; *see also City of Cape Girardeau*, 575 S.W.3d at 283.

Appellants, nevertheless, claim they should be allowed to appeal the consent judgment because they are an aggrieved party as the right of first refusal in the OAs is subordinate to their option to purchase. But, for Appellants to be "aggrieved" by the entry of the consent judgment,

6

they must demonstrate a specific and legally cognizable interest in the subject matter of the consent judgment and that the consent judgment will have a direct and prejudicial impact on that interest. *See Charnisky*, 185 S.W.3d at 702. Appellants correctly state "[§] 512.020[2] confers the right to appeal upon any party to a suit *aggrieved* by any judgment of any trial court...." *See Chatman*, 673 S.W.3d at 530 (internal quotations omitted) (emphasis in original). However, aside from disregarding the consent judgment's express language, Appellants conflate what interests and rights an option to purchase confers upon them. Appellants' argument not only ignores long-standing Missouri law relating to an unexercised option to purchase, but it also confuses its right under the option with actual acceptance to purchase and ignores Delphi and Heya Respondents' obligations under the OAs.

An option to purchase is distinguishable from a right of first refusal.

> [A] right of first refusal, or preemptive right, requires the seller, when and if he decides to sell the stipulated piece of property, to first offer the property to the holder of the right, either at the stipulated price or at a price and on the terms the seller is willing to sell. The preemptive right is merely contingent until the owner arrives at a decision to sell the property, at which point the preemptive right ripens into a full option. The person holding the right of first refusal or preemption cannot compel an unwilling seller to sell. Rather, once the seller chooses to sell, the holder of the preemption has the option of purchasing the property in accordance with the agreement.

*Anderson v. Parker*, 351 S.W.3d 827, 831 (Mo. App. W.D. 2011) (internal quotations and citations omitted).

Conversely, under Missouri law,

> [A]n option is merely a continuing and irrevocable offer that the seller cannot withdraw during a stated period. The option vests the buyer with a power of acceptance and, when the buyer accepts the offer in the prescribed manner, the option is deemed to have been exercised so as to create a binding bilateral contract. The bilateral contract is specifically enforceable. However, **until the buyer accepts, there is no enforceable contract**.

---

[2] All references are to Mo. Rev. Stat. Cum. Supp. (2024).

*Riddle, ex rel. Riddle v. Elk Creek Salers, Ltd*., 52 S.W.3d 644, 646–47 (Mo. App. S.D. 2001) (citations omitted) (emphasis added).

In other words, "[a]n option is but a right of election to exercise a privilege – no more than a continuing offer on the part of the optionor to sell . . . and not binding upon or enforceable against the optionee unless and until he elects to exercise his option." *Keith v. Tucker*, 483 S.W.2d 430, 435 (Mo. App. 1972) (internal quotations and citations omitted). There is no dispute Appellants have not exercised their option to purchase, and, absent exercising the option, it creates no interest or contract. *See Riddle*, 52 S.W.3d at 647. Appellants have no right to be involved in the resolution and settlement of claims related to the terms of the OAs between Delphi and Heya Retail. Thus, Appellants are not aggrieved parties with standing to appeal the consent judgment.[3] *See Charnisky*, 185 S.W.3d at 702–03 (finding the appellant lacked standing to appeal the portion of a judgment that "resolve[d] issues solely between other parties and d[id] not resolve the claims made by that appellant.").

Therefore, this Court holds the consent judgment resolved all issues relating to Delphi and Heya Respondents, and does not confer Appellants a right to appeal from the consent judgment.[4]

Accordingly, Points I–III are denied. Appellants' appeal from the consent judgment is dismissed.

*B. Denial of Motion to Intervene*

Points IV–VI assert: "To the extent Appellants were entitled to challenge the Consent Judgment only if they were parties to the declaratory judgment Counterclaim, the [Trial] Court

---

[3] This Court notes Appellants have not exercised their option to purchase in approximately three years. During oral argument, the parties informed this Court that Appellants have pursued a separate lawsuit related to the option agreement.

[4] This Court's decision is limited to whether it has jurisdiction to review Appellants' appeal and whether they are able to appeal from the consent judgment. Nothing herein should be interpreted as a conclusion on the merits of the issues raised on appeal or disposition of any of the claims pending in the underlying suit.

erred in denying Appellants' Motion to Be Joined…." Appellants' arguments challenge the trial court's denial of the motion to intervene on several grounds, but concede that this Court's disposition of these points on appeal hinge on whether they are able to appeal the consent judgment. Because we find Appellants are not able to appeal the consent judgment, *see supra,* we do not reach the merits of these points.

Even assuming, *arguendo*, that this Court has jurisdiction to review the denial of the motion to intervene, this Court is unable to review Appellants' arguments due to their failure to ensure a transcript was prepared in order to preserve the record for appellate review. "Unless there is a statutory mandate requiring that a hearing be held on the record, it is the appellant's responsibility, not the court's, to ensure that a transcript is made in order to preserve the record." *Poke v. Mathis*, 461 S.W.3d 40, 43 (Mo. App. E.D. 2015). On appeal, "[a]n appellant is responsible for filing transcripts of the evidence and for preparing a legal file so that the record on appeal contains all of the evidence necessary for determination of questions presented to the appellate court for determination." *In re Adoption of L.L.F.M*, 620 S.W.3d 258, 261 (Mo. App. S.D. 2021) (internal quotations and citation omitted).

Because Appellants' motion to intervene was not verified or supported by affidavit, their only remaining vehicle for producing evidentiary support for their motion was through an evidentiary hearing in the trial court. *See id*. Here, the record supports Appellants noticed up the motion for a hearing for March, 14, 2024. On that date, the trial court heard arguments and, following the hearing, allowed the parties to brief the issue further. The record on appeal submitted by Appellants is devoid of any evidence in support of their motion to intervene. Appellants contend this Court has a record of all it needs to review the denial of the motion to intervene. Specifically, Appellants provide:

[T]he Consent Judgment itself provides all facts necessary to intervention. The Consent Judgment names AJO, Hi-Rise, and their Purchase Option, the latter being the subject of Paragraph 3(b), in an express attempt to impair AJO's and Hi-Rise's rights via a declaratory judgment. Thus, no affidavits, verification, nor live testimony is needed: Respondents had already stipulated—in filing the proposed consent judgment—to all the facts necessary to support intervention.

We disagree. The consent judgment alone is not sufficient to satisfy their responsibility to furnish this Court with the record of trial court proceedings necessary for our review of the denial of the motion to intervene. *See id.* at 261 ("Appellant's factual allegations purporting to support his motion to intervene, whether in that motion, *supra,* or his appellate brief, are not self-proving."). Absent a request to preserve the record, reversal and remand is unwarranted. *See id.* at 262.

Points IV–VI are denied.

## Conclusion

This Court dismisses Appellants' appeal from the consent judgment, but affirms the judgment denying the motion to intervene.

_____
Michael S. Wright, Judge

Robert M. Clayton III, J. concurs.
John P. Torbitzky, P.J. concurs in result only.

10